The People, ex relatione Thomas J. Gillinwater, *v.* The Mis-
sissippi and Atlantic Railroad Company.

ERROR TO EFFINGHAM.

A proceeding by *quo warranto* is a prosecution which must be carried on in the name
of the people.
A demurrer to a plea reaches a defect in the information.

At September term, 1851, of the Effingham Circuit Court,
Gillinwater filed an information against the Mississippi and
Atlantic Railroad Company, commencing as follows : " In the
Circuit Court of said county, Alfred Kitchell, State's Attorney
for the Fourth Judicial District of the State of Illinois, who pro-
secutes in behalf of the people of the State of Illinois, on the
relation of Thomas J. Gillinwater, of the county of Effingham,
aforesaid, comes here into Court and gives the Court to under-
stand and be informed," that on, &c., a railroad company, nam-
ed, &c., was formed in the town of Vandalia, &c., by the adop-
tion of articles of association, in conformity with the act to
provide for a general system of railroad incorporations. The
information proceeds to set out the organization of the company,

and the franchises usurped; and then closes as follows: " And the said State's Attorney upon the relation of the said Thomas J. Gillinwater, further gives the Court here to understand and be informed that the said president and directors of the said Mississippi and Atlantic Railroad Company are still continuing unlawfully to hold and usurp their offices and franchises aforesaid, and to unlawfully intrude upon and hold possession of the premises aforesaid, as is above stated, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the people of the State of Illinois."

To this information the company filed a plea, averring that their charter was not dissolved, denying all usurpation, &c. To this plea a demurrer was filed. The Court, HARLAN, Judge, presiding, overruled the demurrer, and dismissed the information. The relator brought the cause to this court, assigning for error the overruling of the demurrer and the dismissal of the information.

A. KITCHELL, for the relator.

W. B. SCATES, C. H. CONSTABLE, E. RUST, and J. G. MARSHALL, for the defendants.

PER CURIAM. The constitution declares that " all prosecutions shall be carried on ' *in the name and by the authority of the people of the State of Illinois.*' " This court held, in the case of Donnelly *v.* The People, 11 Illinois, 552, that a proceeding by *quo warranto* was a prosecution within the intent and meaning of that provision. The information in this case does not run in the mode prescribed. It is, therefore, fatally defective; and it becomes unnecessary to inquire into the validity of the plea. If the plea should be held insufficient, no judgment could be entered against the defendants. The demurrer extends beyond the plea, and reaches the defect in the information.

Affirm the judgment.

*Judgment affirmed.*