PERRY L. HEDRICK

*v.*

THE PEOPLE *ex rel.* Charles B. Ball.

*Opinion filed April 17, 1906.*

1. PLEADING—*demurrer to plea should be carried back.* Upon argument of a demurrer to a plea to an information in the nature of *quo warranto* the whole record is open, and it is error for the court to overrule the respondent's motion to carry the demurrer back to the first defective pleading.

2. QUO WARRANTO—*an information in quo warranto should distinctly aver the legal existence of office.* An information in the nature of *quo warranto* to oust the respondent from an office created by ordinance should distinctly and affirmatively aver the legal existence of the office, otherwise the information will not lie.

3. SAME—*when the legal existence of office of chief sanitary inspector is not shown.* An information in *quo warranto*, by setting out an ordinance authorizing the health commissioner to appoint "an assistant commissioner of health, a secretary, a register of vital statistics, medical sanitary inspector, meat inspectors, sanitary policemen and sanitary policewomen, having full police powers, and such other employees as may be necessary," etc., does not show the creation, under such ordinance, of the office of chief sanitary inspector.

4. SAME—*legal existence of office cannot be established by appropriation of money to pay salary.* The legal existence of an office cannot be established by proof of the appropriation of public money, by ordinance, for the payment of the salary or compensation of the incumbent of the alleged office.

APPEAL from the Circuit Court of Cook county; the Hon. J. W. MACK, Judge, presiding.

FRANCIS W. WALKER, and KENNER S. BOREMAN, for appellant.

BENTLEY & BURLING, (CYRUS BENTLEY, and ALBERT M. KALES, of counsel,) for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was an information in the nature of *quo warranto,* filed by the State's attorney of Cook county, on the relation of Charles B. Ball, in the circuit court of Cook county, against the appellant. The allegations of the first count of the information were, "that the city of Chicago is duly incorporated under 'An act to provide for the incorporation of cities and villages,' (and all the amendments thereto,) in force July 1, 1872; that the electors of the city of Chicago adopted 'An act to regulate the civil service of cities,' approved March 20, 1895, and the same was declared to be in force in the city of Chicago on July 1, 1895, and that the act last aforesaid became and has ever since been in force and operation in said city; that the places of employment in said city, except those offices and places mentioned in section 11 of the act last aforesaid, have been classified by the civil service commissioners appointed and holding office under the provisions of the act last aforesaid, wth reference to examinations, such classification having been made pursuant to the authority conferred upon said commissioners by the act last aforesaid; that the said commissioners, by such classification, divided the offices and places of employment into three classes, to-wit, 'official service,' 'skilled labor service,' and 'labor service;' that the office of chief sanitary inspector was placed by the said commissioners in the class of 'official service,' the chief sanitary inspector being an officer in grade 7, division 1, in the official service; that said Perry L. Hedrick, for the space of, to-wit, thirteen months

last past, and more, in the county aforesaid, unlawfully has held and executed, and still does hold and execute, without any warrant, right or lawful authority whatsoever, the said office of chief sanitary inspector, which said office the said Hedrick, during all the time aforesaid, upon the people has usurped and still does usurp," etc. The second count charged that in pursuance of section 808 of an ordinance of the city of Chicago hereinafter set forth, the commissioner of health created the office of chief sanitary inspector; that by reason of certain acts of the civil service commissioners of the city of Chicago, not here important, the name of the relator was certified to the commissioner of health as eligible to appointment to the said office of chief sanitary inspector, and that relator thereupon entered into said office and performed the duties thereof until a later date, when the said civil service commissioners, declared the said office vacant and the relator was thereupon ousted; that appellant was thereupon certified as eligible to appointment, and was appointed by the commissioner of health to the said office of chief sanitary inspector and is assuming to exercise the duties of the said office. The prayer of the information was that the appellant "answer by what warrant he executes the office aforesaid."

The appellant filed a plea to said information, which, in effect, set up his certification by the civil service commissioners as eligible and his appointment by the commissioner of health of said city. To the plea of the appellant the relator filed a general demurrer, whereupon the appellant moved the court to carry the demurrer back to the information and sustain the demurrer thereto and dismiss the information. This motion the court overruled and sustained the demurrer to the plea. The appellant elected to stand by his motion to carry the demurrer back to the information and also by his plea. Thereupon the court adjudged that the appellant be ousted and excluded from the office of chief sanitary inspector, and that he pay the costs, etc. This is an appeal to bring the judgment into review in this court.

The first count of the information contains no averment that the office of chief sanitary inspector has been created or exists, but proceeds on the assumption that such alleged office has legal existence. The second count avers that the office was created by section 808 of an ordinance of the city of Chicago. The office, if it has existence, was created by local law,—i. e., an ordinance of the city,—and in such cases the legal existence of the office must be affirmatively and distinctly—not inferentially—alleged. (17 Ency. of Pl. & Pr. 461.) The first count is therefore fatally defective. The second count alleged that the office is created by virtue of section 808 of the Revised Code of the city of Chicago, which is as follows, to-wit: "Said commissioner shall appoint, with the consent of the mayor, an assistant commissioner of health, a secretary, a register of vital statistics, medical sanitary inspector, meat inspectors, sanitary policemen and sanitary policewomen, having full police powers, and such other employees as may be necessary, who shall perform all the duties now provided by the laws of the State and the ordinances of the city, and such other duties as the commissioner of health may require and determine. He shall also have power to remove any of said officers, clerks or employees."

We are of the opinion the court erred in not sustaining the motion of the appellant in and not carrying the demurrer back to the information and sustaining it as to both counts. It is the well established law in this State that upon the argument of a demurrer, in the absence of a plea of the general issue, the whole record is open and the court will carry the demurrer back to the first defective pleading. (*People* v. *Mississippi and Atlantic Railroad Co.* 13 Ill. 66; *Distilling Co.* v. *People,* 156 id. 448.) It does not appear from the ordinance recited in the second count of the information that the place or "office" which the relator sought to obtain, that of chief sanitary inspector, had any legal existence. As before said, it is not contended the alleged office was created by any statute of this State, neither does said section 808 of

the Revised Code of the city of Chicago create such an office. Said section 808 purports to authorize the commissioner of health to appoint an assistant commissioner of health, a secretary, a register of vital statistics, medical sanitary inspector, and certain other named officers, "and such other employees as may be necessary," but no mention is made of a chief sanitary inspector. There is nothing in the ordinance nor in the information in any way indicating that the chief sanitary inspector and medical sanitary inspector are the same. In said section 808 of the Revised Code of the city of Chicago there is no mention of the place of chief sanitary inspector, nor is there in said section any designation of the duties or powers of such an office.

It is insisted that the act of the city council in the annual appropriation ordinance in providing a salary for "chief sanitary inspector" is a recognition by the city council, by ordinance, of such office. To this we cannot agree. In *Moon* v. *Mayor,* 214 Ill. 40, the same insistence was made, and we there said: "Nor can an office be legally established by the appropriation of the public money, by ordinance, to the payment of the salary or compensation of the person acting as an officer." An information in the nature of *quo warranto* will not lie to try the title of the relator to an alleged office which in fact and in law has no legal existence. (23 Am. & Eng. Ency. of Law,—2d ed.—632; 17 Ency. of Pl. & Pr. 403.)

As the information did not, in either count thereof, distinctly aver the legal existence of the office of chief sanitary inspector, the demurrer to the plea should have been carried back to the information and sustained and the petition for a writ of *quo warranto* dismissed.

The judgment appealed from is reversed and the cause is remanded to the circuit court, with directions to sustain the demurrer to the information.

*Reversed and remanded, with directions.*