**People of the State of Illinois ex rel., Appellee, v. Charles T. Miller, Appellant.**

**Gen. No. 14,026.**

1. QUO WARRANTO—*what essential to maintenance of.* In order to maintain an information to oust a person holding the office of crib-keeper of a municipality, it must appear from the petition that there is such an office *de jure* in such municipality.

2. QUO WARRANTO—*when judgment informal.* A judgment in quo warranto as follows: "It is hereby ordered, adjudged and decreed by the court in favor of the relator and of ouster with costs", is informal.

Quo warranto. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1907. Reversed and remanded. Opinion filed November 12, 1908.

CANTWELL & ROTH, for appellant.

JOHN J. HEALY, for appellee; NEWTON A. PARTRIDGE and WESTERN STARR, of counsel.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The state's attorney filed an information against the appellant, Charles T. Miller, on the relation of Lawrence C. Nelson. Appellant demurred to the information, and the court overruled the demurrer, and, no one appearing for the appellant, rendered judgment against

appellant. The concluding part of the judgment is in these words: "Comes now the relator and asks that a judgment of ouster be entered against the defendant, Charles T. Miller, from the office or place of employment of crib-keeper, in the service of the city of Chicago, and that he pay the costs of this proceeding; and the court being fully advised in the premises, it is hereby ordered, adjudged and decreed by the court that judgment in favor of the relator, and of ouster, with costs to the relator, against the respondent, Charles T. Miller, be entered in the above entitled cause". From this judgment the appeal is.

Appellant has assigned as errors that the court erred in overruling the demurrer; that the judgment is erroneous, in that it is not in favor of The People, and is informal, in that it is a mere direction to the clerk to enter judgment.

Appellant's counsel argue that the information is fatally defective, in not averring facts showing that there is such an office as crib-keeper of the city of Chicago. Information, in the nature of *quo warranto,* will not lie unless there is such an office *de jure* as that of crib-keeper. Hurd's Stats. 1905, p. 1549. Therefore it must appear from the information that there is such an office. Hedrick v. People, 221 Ill. 374; People v. Hedrick, 132 Ill. App. 154; Bullis v. City of Chicago, 235 Ill. 472.

There is no such office created by statute. If there is such an office as crib-keeper of the city of Chicago, it must have been created either directly by legislative enactment, or by ordinance passed by the city council of the city of Chicago, in the exercise of power delegated to the city by the legislature. People v. Hedrick, 132 Ill. App. 154, 158. No such office has been created, so far as we are aware, by statute, and if it had been, it is safe to assume that this would have been called to our attention by the learned counsel for appellee. It is not averred in the information that such an officer as crib-keeper has been created by ordinance of

the city. It is merely assumed in the information that there is such an office. This is not sufficient. Hedrick v. People, *supra*, p. 377. It is matter of substance to show that there is such an office *de jure* as that of crib-keeper, and the information, in not showing this, is fatally defective.

The judgment in the cause could not well be more informal than it is. Appellant's counsel say it is not a judgment, but a mere direction to the clerk to enter a judgment, and it is certainly somewhat obnoxious to this criticism. The judgment reads: "It is hereby ordered, adjudged and decreed by the court in favor of the relator and of ouster with costs", etc., thus creating at least uncertainty whether it is a judgment of ouster in favor of The People, or not.

The judgment against the relator for costs is authorized by section 6 of the *quo warranto* act. Such defects as there are in the judgment will, probably, not occur in any future judgment which may be rendered in the cause by the trial court. The court erred in overruling the demurrer to the information and in rendering judgment against appellant for costs. For these errors the judgment will be reversed and the cause remanded.

*Reversed and remanded.*