## Greer *v.* Holdridge.

After a judge has once signed the certificate to a bill of exceptions, his power and jurisdiction over the case cease, and there is no law permitting this court to receive and act on a second certificate by the same judge, although it will relieve counsel for the plaintiff in error of any charge of laches in failing to have the bill of exceptions served and filed in time.

March 16, 1891. Argued at the last term.

Practice in Supreme Court.

Reported in the decision.

Martin & Smith and M. T. Hodge, for plaintiff in error.

W. L. Grice, by brief, *contra*.

Simmons, Justice.

The bill of exceptions in this case was certified by the trial judge on the 14th of April, 1890; it was served upon the opposite party on April 28th, 1890, and filed in the clerk's office May 3d, 1890. When the case was

called here, a motion to dismiss it was made upon the ground that the bill of exceptions was not served upon opposite counsel within ten days after the certificate was signed by the judge, or filed with the clerk within fifteen days thereafter, as the law requires. In reply to this, counsel for the plaintiff in error read an additional certificate of the judge who tried the case, dated April 30, 1890, wherein he certifies that it was his fault in not returning the bill of exceptions to counsel for plaintiff in error within the proper time after he had signed it; that through the neglect of his office boy, the bill of exceptions was not mailed, and it was not the fault of counsel for plaintiff in error that service was not perfected in time.

We have held up this case to the present time in order to consider whether we could receive and act on this certificate or not. After a careful consideration of the matter, we have come to the conclusion that the statute does not authorize the trial judge to sign but one certificate, and that certificate is the one provided for by law. After he has once signed and certified a bill of exceptions, his power and jurisdiction over the case cease, and we know of no law which would permit us to receive and act on a second certificate, although that certificate relieves counsel for the plaintiff in error from any charge of laches or negligence in failing to have the bill of exceptions served and filed in time.

We therefore dismiss this writ of error.