## TURNER v. FULTON COUNTY.

1. There was not, prior to 1899, any law in this State which authorized county authorities to employ and pay a person for services as an inspector of roads and bridges.
2. The validity of the recent act on this subject is not involved in this case.

Argued December 7, 1899. — Decided January 29, 1900.

Complaint. Before Judge Lumpkin. Fulton superior court. March term, 1899.

This was an action against the county upon an account for work done by the plaintiff as "county inspector of roads and bridges," for a specified number of days in 1896 and 1897, at $2 per day. The case was tried upon an agreed statement of facts, from which it appeared that the commissioners of roads and revenues of the county employed the plaintiff as inspector of roads and bridges, and that the work referred to was necessary and worth $2 per day, and was done under an agreement that he was to be paid for it at that rate. The sole question at issue was whether the commissioners had authority to employ an inspector of roads and bridges for the county and pay him from the county treasury. The court directed a verdict for the defendant.

*Frank A. Arnold*, for plaintiff.
*Luther Z. Rosser*, for defendant.

SIMMONS, C. J. 1. Under the facts disclosed by the record, there was no error in directing a verdict for the defendant in this case. Whoever has a claim or demand against a county or city and brings suit thereon must show some law authorizing the county or city to pay the demand; otherwise he can not recover. We have searched diligently the code of this State and the acts of the legislature creating the board of county commissioners of Fulton county, and can find no law which directly or indirectly authorized the county commissioners of roads and revenues to employ and pay the plaintiff as an inspector of roads and bridges. The power to tax for county purposes is limited by the constitution (Civil Code, § 5892), and there is nothing in the constitutional provision which would authorize the county

authorities to levy a tax to pay for the inspection of roads and bridges. We are aware that in a great many of the counties of this State the county authorities do not adhere strictly to this provision. A great many county and municipal authorities appropriate the public money to purposes not authorized by law. Demands of this nature are not good as against the county or city. In the present case, the employment of the plaintiff as an inspector of roads and bridges was certainly not authorized by any law on the statute books in this State. The very duties which he alleges he performed had already been placed by law upon the road commissioners of the different districts of the county. Political Code, § 589. If he was one of those "inspectors of roads and bridges" who appear, in *Collier v. Elliott,* 100 *Ga.* 363, to have performed the duties of county police, then, under that decision, he was clearly not entitled to receive compensation from the county. There being no law authorizing the commissioners to employ him or to pay him, his suit against the county must necessarily fail. It was argued, however, by his counsel that it would be a great hardship upon the plaintiff to lose the value of his labor for the time for which he had worked for the county. That may be, and doubtless is, true; but one who contracts with county or other public officers is bound to know their power and authority to contract. If they have no power to make the contract, and if he performs the work thereunder, he can not look to the public funds for payment.

2. The services for which the plaintiff sued were rendered prior to the year 1899, and the case must, of course, be decided with reference to the law as it existed at that time. We were requested by counsel to consider and pass upon the validity of the act of 1899 on this subject, but, as it is not in any way involved in the present case, it would obviously be improper for us to do so.

           *Judgment affirmed.     All the Justices concurring.*