*Parks & Reed* and *James E. English,* for defendants.

---

REED et al. v. WARNOCK.

1. A motion for a new trial, which includes a brief of the evidence, must be made during the term at which the trial was had. And where a motion for a new trial is made in term and no brief of the evidence is filed, and no order of court is taken extending the time at which the brief of evidence may be filed, it is proper to dismiss the motion.

(a) Where in such case a motion for new trial was made, but no order of the court was taken in term to extend the time in which a brief of the evidence might be filed, but such an order was taken in vaca-

tion subsequently to the filing of the motion for a new trial, such order was a mere nullity.

(b) On the call of such a motion for a new trial set at a certain date in vacation, the court did not err in dismissing it, even though a brief of the evidence was then presented for approval by the court.

2. Where on the trial of a case exceptions pendente lite are filed to an interlocutory ruling of the court, which, if rendered as contended for by the complaining party, would finally dispose of the case, the excepting party can come to this court by direct bill of exceptions filed within 30 days from the date of the decision complained of; or, without making a motion for a new trial, he can secure a review of an order, ruling, or judgment, which necessarily controlled the final result of the case adversely to him. But if after final trial the losing party makes a motion for a new trial, which is afterwards dismissed by the trial judge because never perfected by the filing and approval of a brief of the evidence, he can not, after the time for bringing such direct bill of exceptions has expired, in a writ of error complaining of the dismissal of the motion for a new trial, assign error on such exceptions pendente lite so as to have them considered by this court.

FEBRUARY 15, 1917.

Motion for new trial. Before Judge Summerall. Bacon superior court. January 8, 1916.

*A. H. Codington* and *D. M. Parker,* for plaintiffs in error.

*W. W. Bennett,* contra.

HILL, J. E. W. Warnock brought a petition against Miles Reed and others, seeking an injunction and the appointment of a receiver, and to recover certain land. At the trial a verdict and judgment were rendered in favor of the plaintiff. The defendants filed the usual "skeleton motion" for a new trial, and obtained the following order of the judge: "Read and considered. It is ordered that the plaintiff show cause before me, at Waycross, Ga., at 1 o'clock p. m. on the 11th day of December, 1915, why the foregoing motion should not be granted. It is further ordered that the plaintiff be served with a copy of this motion and order, and that this order act as a supersedeas until the further order of the court. The defendants having made a motion for a new trial in said case, on the grounds therein stated, and said grounds having been approved by the court, and it appearing that it is impossible to make out and complete a brief of the testimony in said case before adjournment of court, it is ordered by the court that said motion be heard and determined on the 11th day of December, at 1 o'clock p. m., at Waycross, Ga., and that movant may amend said motion at any time before the final hearing." The

attorney of record for the plaintiff acknowledged due and legal service of the motion and order, and waived all other and further service. On December 11th, 1915, at the time fixed by the court for the hearing on the motion for a new trial, the court made this order: "Motion for new trial by the said defendants in the above-stated cause being assigned for this December 11, 1915, and both sides consenting to a continuance, it is ordered that the hearing on said motion for new trial be had before me at 10 a. m. on the 8th of January, 1916, at Waycross, Ga. It is ordered that the said movants have until the final hearing of said motion for new trial to present for approval the brief of evidence in said cause, and to present their amended motion for new trial." On January 8, 1916, the motion for a new trial came on to be heard at the time and place named in the order. The defendants then tendered to the trial judge for approval and filing a brief of the evidence adduced at the trial of the case. An amended motion for new trial was also tendered for approval and filing. The plaintiff moved to dismiss the motion for a new trial, upon the ground that no order was granted in term time allowing movants beyond the term in which to perfect their brief of evidence, and that the defendants had filed no brief of the evidence in the case during the term and before the adjournment of the court. On the hearing of the motion to dismiss the defendants offered to introduce evidence to the court to the effect that it had been impossible to prepare the brief of evidence before the adjournment of the term of the superior court at which the case was tried, and that they had been hindered in its preparation without fault by them. The trial judge excluded the evidence offered, and passed the following order: "It appearing to the court that no order was granted in term time in within case, allowing movant time beyond the term in which to file and present for approval a brief of the evidence in said case, and it further appearing that no brief of evidence was filed in said case during the term and before the adjournment of the court, and upon motion of counsel for plaintiff, the within motion for new trial is for these reasons hereby dismissed. Granted and signed Jany. 8th, 1916." The defendants excepted to this order and to the ruling in declining to approve and permit the filing of the brief of evidence.

All motions for a new trial must be made during the term at

which the trial was had; and when the term continues longer than 30 days, the application shall be filed within 30 days from the trial. A brief of the evidence is essential to the validity of the motion for new trial. *Moxley* v. *Georgia Ry. & El. Co., 122 Ga.* 493 (50 S. E. 339). And where no brief of the evidence is filed, and no order is taken extending the time at which such brief may be filed, a motion for new trial will be dismissed. *Taliaferro* v. *Columbus R. C.,* 130 *Ga.* 570 (61 S. E. 228). And see Park's Code, § 6089, and cases cited under head "Brief of Evidence." No subsequent order of the court can give it vitality. But it is argued that the order of November 17, 1915, was broad enough to entitle the defendants to perfect their brief and file it on January 8, 1916. And further, that, even if they were not entitled as a matter of law to perfect and file their brief of evidence, they were entitled to show providential hindrance from doing so, and that on account of certain alleged conduct of counsel for plaintiff they were entitled to file their brief of evidence on January 8, 1916. The law is mandatory that the motion for a new trial, which includes the brief of evidence, must be made during the term at which the case was tried; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, together with a brief of the evidence, etc. But if any good reason be shown to the court why the brief can not be filed, an order can be taken extending the time for perfecting the brief of evidence and having it approved and filed. Defendant's counsel may have thought they did this, but a reading of the order taken in term time is sufficient to disclose an absence of such right. And the court below, construing its own order, took this view of it. The first order recites the fact that it was impossible to make and complete a brief of the testimony before the adjournment of the court; but, instead of following it with an order granting an extension of time within which to make and file such brief of the evidence, the order taken was to the effect that the defendants might *amend the motion for new trial* at any time before final hearing—an order which was not necessary at all. And the subsequent order in vacation, passed on December 11, 1915, allowing the defendants until the final hearing to present for approval a brief of the evidence, was of no force to grant such right, as the court had lost jurisdiction to make such an order. It could only

be done in term time. If the defendants were prevented from filing the brief of evidence in term time on account of providential or other good cause, it would have been an easy matter to take an order extending the time for such filing of the brief of evidence on that ground, and no doubt the court would have readily granted such order; and we can not say as a matter of law, or by necessary implication, that the order taken amounted to one extending the time within which the brief of evidence could be perfected and presented for approval by the court. It is true this court has held that where a motion for new trial is made in term and an order taken for it to be heard in vacation, the term of the court for that particular case has not adjourned but is still open. *Herz* v. *Frank*, 104 *Ga.* 638, 639 (30 S. E. 797). But a valid motion must be made in term. Where a motion for new trial is made, and an order thereon is passed which shows that no brief of the evidence has been tendered for approval, the order should extend the time within which such brief of evidence can be completed and presented for approval, which in this case was not done in term, but later in vacation when the judge had lost jurisdiction to so order.

2. There was an attempt to assign error on the pendente-lite exceptions filed during the trial of the case in the court below. The exceptions pendente lite were filed within the time required after the rulings complained of were made, but the bill of exceptions was not presented to the trial judge for approval until after the expiration of the time allowed by law for such filing. *Bradley* v. *Saddler*, 54 *Ga.* 681. The defendants did not come to this court within 30 days from the final trial of the case on a direct bill of exceptions assigning error on the rulings complained of in the exceptions pendente lite; but the assignments of error on these rulings are made in a bill of exceptions based on the judgment of the court dismissing the motion for a new trial. A party can come to this court by a direct bill of exceptions assigning error on pendente-lite exceptions, without making a motion for a new trial, if the rulings complained of in such exceptions necessarily affected the final result of the case adversely to that party, as provided in the Civil Code, § 6144; or if the rulings complained of, if rendered as contended for by the excepting party, would have been a final disposition of the case, as provided in § 6138. But if, instead of availing himself of one of the methods above pointed

out, the complaining party chooses to make a motion for a new trial, and such motion turns out to be void for the reasons pointed out in the first division of this opinion, and is by the court dismissed for that reason, it will not avail the plaintiff in error to assign error thereon in a bill of exceptions sued out on the judgment dismissing the motion for a new trial. Therefore, at the time the bill of exceptions was presented to the trial judge, it was too late to assign error upon the rulings complained of in the pendente-lite exceptions. To avoid the result of such delay, an attempt was made to make a motion for a new trial, which being dismissed, error was assigned on that ruling, and also on the exceptions pendente lite. But such an effort was futile, as the motion for a new trial was never perfected, and amounted to nothing. A void proceeding of that character could not serve to extend the time for assigning error upon the rulings complained of in the exceptions pendente lite. In order to assign error in a bill of exceptions complaining of the dismissal of a motion for a new trial, the motion for a new trial must have been a valid motion. It follows that the exceptions pendente lite can not be considered; and, from the ruling in the first division of the opinion, that the court did not err in dismissing the motion for a new trial.

*Judgment affirmed. All the Justices concur.*