### 12199.   Culberson *v.* The State.

Broyles, C. J.  1. The amendment to the motion for a new trial is as follows: "Because upon the trial of said case the court erred in the following point and particular: What happened is as follows: After the witness for the defendant had been examined and cross-examined by the solicitor of said court, the solicitor having excused the witnesses, the judge then, at the conclusion of the evidence of each of the said witnesses for the defendant, asked several questions of the said witness, being an unusual practice of said court." This ground is too vague and indefinite to raise any question for the consideration of this court.

2. As disclosed by the record, there was no evidence to authorize the defendant's conviction, and the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

Decided April 13, 1921.

Accusation of possessing liquor; from city court of Hall county — Judge Sloan. January 5, 1921.

A policeman of the town of Lula, Georgia, testified that on a certain night two automobiles — one a Ford and the other a Dodge car — came into Lula, and when the men driving them saw him they began to shoot and drove faster, that they ran into some brush in a road and jumped out of the cars and ran off, and he could not see them well enough to identify them; and that a few days later the defendant came to Lula to see about the car; he claimed that his car was missing. About 50 gallons of whisky were in each car. J. M. Brock testified, that after the shooting, "on the night that the cars came through Lula, . . some

parties " ran into his yard in Lula; that he could not see them well enough to know them, " but one of them was a heavy-set man with a mustache." " The best I could tell, he filled the description of that man over there. I did not know Mr. Culberson. I sort of believe it was him. It was not light. . . I would not swear it was him; it fills his description." A county policeman testified, that some days after the night mentioned he " pointed Culberson out, and Brock said he (Culberson) was the man that ran into his yard on the night of the shooting." The sheriff testified as to finding the whisky in the cars, and that by telephone he learned from the secretary of State that the Dodge car had a license-tag purchased by H. J. Culberson, and a warrant was sworn out for him; that not many days after the cars were captured, Culberson sent out cards, " trying to locate his car, that he claimed had been stolen," and some time later he gave himself up and made bond. Witnesses for the defendant testified as to his statements that his car had been stolen, and his efforts to find it. The defendant, in his statement at the trial, said: " As soon as I found that there was a warrant for me in this county I came to Gainesville and surrendered. I had not committed any crime in this county. I don't know who drove the automobile."

*J. B. G. Logan,* for plaintiff in error.

*E. D. Kenyon, solicitor,* contra.