### 13465. PATTERSON v. THE STATE.

" The statute makes a brief of evidence indispensable to the validity of a motion for a new trial. Where a motion for a new trial is made at a term which does not continue for thirty days after the trial, it is necessary, under the statute, that the brief of the evidence shall be filed during the term, or that an order shall have been passed during the term allowing a longer time in which the brief might be filed. When no brief of evidence was filed, and no order taken for an extension of time, no valid motion was pending; and it was not error to dismiss the same on motion."

DECIDED JUNE 14, 1922.

Motion for a new trial; from Bibb superior court — Judge Mathews. February 23, 1922.

*Walter McDaniel, Walter DeFore, James C. Estes,* for plaintiff in error.

*Charles H. Garrett, solicitor-general,* contra.

BLOODWORTH, J. On January 17, 1922, and at the November term, 1921, of the superior court of Bibb county, the accused was convicted, and on that date he made a motion for a new trial on general grounds, and took an order setting the hearing of the motion for February 18, 1922. No brief of evidence was filed with the motion for a new trial, and no reference to such a brief was made in the order fixing the time for hearing the motion. On January 31, 1922, the November term of court adjourned, and on February 6 the February term convened. On February 18 the court passed an order amending nunc pro tunc the order of Jan-

uary 17 above referred to, and giving the movant until February 18 to present his brief of evidence and amended motion; and also continuing the hearing of the motion until February 25, with all rights as to brief of evidence and amendments preserved until that time. On February 25 the movant presented his brief of evidence and certain amendments of the motion which were approved and allowed by the trial judge and ordered filed as a part of the record. On the last-named date the trial judge, upon motion, dismissed the motion for a new trial, "because a brief of the evidence was not presented for approval and filed during the November term, 1921, of this court, and there being no valid order extending the time therefor."

It will be noted that no brief of the evidence was filed with the motion for a new trial, that the original order, taken January 17, 1922, and during the term, did not extend the time for filing the brief of evidence or make any reference thereto, that the term at which the motion for a new trial was made did not continue for thirty days after the trial, and that the order of February 18, extending the time for filing the brief, was more than thirty days after the trial and the filing of the motion for new trial, and was after the adjournment of the term in which the case was tried. Section 6089 of the Civil Code of 1910 provides that "All applications for a new trial, except in extraordinary cases, must be made during the term at which the trial was had; and when the term continues longer than thirty days, the application shall be filed within thirty days from the trial, *together with a brief of evidence,*" etc. In the case of *Verner* v. *Gann,* 144 *Ga.* 843 (88 S. E. 204), the facts of which are almost identical with those of the case now under consideration, "a motion for new trial was filed during the term at which the case was tried, and a rule nisi granted for the respondent to show cause on a day during the succeeding term of the court. No brief of evidence was filed, nor did the order provide for the filing of the brief. On the day to which the rule was returnable, the court passed an ex parte order allowing the movant until a day later in the term to file a brief of evidence, and on the last-named day a brief of the evidence was presented to the judge, who, instead of approving the brief, dismissed the motion for new trial on the ground that the brief of evidence was not filed as provided by the statute." It was held

that " the dismissal of the motion for new trial was not erroneous;" and the court said (p. 845) : " The infirmity of the position taken by the plaintiff is that the statute makes a brief of evidence indispensible to the validity of a motion for a new trial. Where a motion for a new trial is made at a term which does not continue for thirty days after the trial, it is necessary, under the statute, that the brief of evidence shall be filed during the term, or that an order shall have been passed *during the term* allowing a longer time in which the brief might be filed. When no brief of evidence was filed, and no order taken for an extension of time, no valid motion was pending; and it was not error to dismiss the same on motion." (Italics ours.) In *Reed* v. *Warnock,* 146 *Ga.* 483 (91 S. E. 545), it was held: " A motion for a new trial, which includes a brief of the evidence, must be made during the term at which the trial was had. And where a motion for a new trial is made in term and no brief of the evidence is filed, and no order of court is taken extending the time at which the brief of evidence may be filed, it is proper to dismiss the motion. Where in such a case a motion for new trial was made, but no order of the court *was taken in term* to extend the time in which a brief of the evidence might be filed, but such an order was taken in vacation subsequently to the filing of the motion for a new trial, such order was a mere nullity. On the call of such a motion for a new trial set at a certain date in vacation, the court did not err in dismissing it, even though a brief of evidence was then presented for approval by the court." (Italics ours.) In the case of *Garraux* v. *Ross,* 150 *Ga.* 645 (104 S. E. 907), the Supreme Court said: " The general rule is that a motion for a new trial, which includes a brief of the evidence, must be made during the term at which the trial was had; and where a motion for new trial is made in term, and no brief of the evidence is filed, and no order of court is taken extending the time at which the brief of evidence may be filed, it is proper to dismiss the motion. *These requirements are jurisdictional.* Consequently where a motion for new trial was made in term, but no brief of the evidence was filed, and no order of the court taken extending the time in which such brief might be filed, no valid motion was pending." (Italics ours.) See cases cited in the opinion, page 649.

Applying the foregoing principles of law to the facts of the in-

stant case as hereinbefore enumerated, it is clear that, since no brief of evidence was filed during the November term at which the trial was had, and no order was taken *during said trial term* extending the time for filing such brief, and since these requirements are jurisdictional, no valid motion was pending, and the trial judge properly dismissed the motion.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*