judgment of the trial court." *Owens* v. *State, 27 Ga. App. 322* (108 S. E. 208).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

---

### 13701. ELLISON *et al.* v. THE STATE.

BROYLES, C. J.   The motion for a new trial contained only the usual general grounds; the verdict was authorized by the evidence, and, the finding of the jury having been approved by the trial judge, this court is without authority to interfere.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*
DECIDED JULY 25, 1922.

Indictment for manufacture of liquor; from Walker superior court — Judge Wright.   May 4, 1922.

*Henry & Jackson,* for plaintiff in error.

*E. S. Taylor,* solicitor-general, *J. F. Kelly,* contra.

---

### 13707. SEWELL *v.* THE STATE.

BLOODWORTH, J.   There is no merit in the only special ground of the motion for a new trial.   There is some evidence to support the verdict, which is approved by the judge who tried the case.   " Whenever there is any evidence, however slight, to support a verdict which has been approved by the trial judge, this court is absolutely without authority to control the judgment of the trial court." *Owens* v. *State, 27 Ga. App.* 322 (108 S. E. 208).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*
DECIDED JULY 25, 1922.

Indictment for manufacture of liquor; from Haralson superior court — Judge Irwin.   May 5, 1922.

*Griffith & Matthews,* for plaintiff in error.

*J. R. Hutcheson,* solicitor-general, contra.

---

### 13711. BURNETT *v.* THE STATE.

BROYLES, C. J.   The defendant's conviction was not authorized by the evidence, and the court erred in overruling his motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*
DECIDED JULY 25, 1922.

Indictment for violation of prohibition law; from city court of Barnesville — Judge Redding. April 10, 1922.

Possession and sale of intoxicating liquor were charged in separate counts of an indictment against Stephen Burnett, upon which a general verdict of guilty was rendered. From the evidence it appeared that witnesses who went to Burnett's house on a Sunday morning saw a jug of whisky in a sack between two beds, in one of which he was lying, sick, that "a big crowd of negroes" was there, and several persons were in the kitchen, drinking whisky out of a bucket, and that the only persons who resided there were Burnett and his wife. One of the witnesses testified: "I told defendant I wanted a pint of whisky, and a white man by the name of Roy Smith, who was there, told me the whisky was not defendant's ·damn liquor, but that it was his. Roy Smith,. the white man, was at defendant's house when I got there. He has left the country now. . . Defendant was in bed sick at that time. He had been sick about a month. I did not see him handle the whisky while I was there. The reason I asked defendant for a pint of whisky was because I saw a jug over there by him between the beds." It was testified that the defendant could not see into the kitchen where there was whisky in a bucket. Others testified as to the presence of "the white man," and that they did not see the defendant handle the whisky. There was no contradiction of the foregoing testimony. It was not testified that any whisky was sold. The defendant, in his statement at the trial, said: "A white man by the name of Roy Smith brought the whisky to my house and wanted to give me a drink. I told him the doctor said I must not drink any whisky, as it would be bad for my rheumatism of the liver. I had nothing to do with the whisky or any control over it, and asked him to carry it away from my house. I had not been able to be up that day and had not been able to do any.work for a month or more." A witness introduced in rebuttal testified that on the Sunday morning referred to by the other witnesses he saw one Kendall with a jug of whisky about 50 yards from the defendant's house, and saw another jug of whisky in .the edge of the defendant's yard, covered up with bushes.

*B. H. Manry, Claude Christopher,* for plaintiff in error.
*Herman M. Johnson, solicitor,* contra.