## 14342, 14343.  BURNETT *v.* THE STATE.

LUKE, J.  1. The motions to dismiss the bills of exceptions are denied.

2. Under the particular facts of these cases the court did not err in dismissing the motions for a new trial.  See *Patterson* v. *State,* 28 *Ga.*

*App.* 668; *Garraux* v. *Ross*, 150 *Ga.* 645; *Reed* v. *Warnock*, 146 *Ga.* 483. *Judgment affirmed.* *Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 15, 1923.

Motion for a new trial; from Elbert superior court — Judge W. L. Hodges. February 3, 1923.

In each of these cases a motion for a new trial was made during the term in which the case was tried and within thirty days from the trial, and the trial judge, by an order passed in vacation, approved the grounds of the motion and granted a rule nisi setting a time in vacation for the hearing of the motion. No brief of evidence had been made, and the order was silent as to such a brief. The motion was not heard at the time fixed by the order, but on the day fixed the judge passed an order providing that the movant have until the hearing to make out and complete a brief of the evidence ("the State reserving the right to object to the same"), and providing for the hearing of the motion at such time and place in vacation as counsel might agree upon, or on failure so to agree, at such time and place as the judge might fix on the application of either party, of which five days' notice should be given. A time was afterwards set in vacation, in accordance with this order, and at that time the motion for a new trial was, on motion of opposing counsel, dismissed by the judge "for the reason that no brief of evidence was filed along with said motion for new trial during the term at which said case was tried and in which said motion for new trial was filed, and that no order was passed by the court during the term at which said case was tried, and at which said motion for new trial was filed, allowing a longer time in which a brief of the evidence in said case might be filed." The order recites that "this order is passed over the objections of movant's attorney, who insisted that the court has no jurisdiction to grant said order dismissing said motion in vacation." Error is assigned on this order, "as being contrary to law, in that the judge was without jurisdiction to hear and determine said motion for new trial or entertain the motion to dismiss the same in vacation, there having been no order passed in term time authorizing him to pass upon the same in vacation."

In the motion to dismiss the bill of exceptions it was contended that as no brief of evidence was filed and no time for filing it was

granted during the term in which the case was tried, the motion for a new trial was a nullity, and the subsequent orders were nullities, and therefore the act of the judge in signing the bill of exceptions was a nullity and did not give the Court of Appeals jurisdiction of the case.

*J. T. Sisk,* for plaintiff in error.

*A. S. Skelton, solicitor-general, George C. Grogan,* contra.