## 15195.  BATEMAN & BROTHERS et al. v. GUNN, judge.

1. When a judge certifies a bill of exceptions in a case, he cannot thereafter certify another bill of exceptions for the same party and as to the same judgment. *Perry* v. *Central Railroad*, 74 *Ga.* 411 (3); *Marshall* v. *Livingston*, 77 *Ga.* 21 (5); *Greer* v. *Holdridge*, 86 *Ga.* 791 (13 S. E. 108); *Beck & Gregg Hardware Co.* v. *Crum*, 127 *Ga.* 94 (56 S. E. 242); *Pace* v. *Harris*, 9 *Ga. App.* 621 (70 S. E. 967). The instant case presents no exception to this ruling, because the first bill of exceptions (after it had been certified by the judge and filed in the office of the clerk of this court), by permission of this court was withdrawn by the plaintiff in error, and the second bill of exceptions was tendered to the judge within the time prescribed by law. See, in this connection, *Williams* v. *Clarke*, 70 *Ga.* 405.

2. Under the above-stated ruling this court will not direct the trial judge to show cause why he should not be required to certify the second bill of exceptions.

Decided December 18, 1923.

Application for mandamus.

Application for certiorari was denied by the Supreme Court.

*Oliver C. Hancock,* for the applicants.

*John R. L. Smith, Joseph LeConte Smith, Grady C. Harris,* contra.

Broyles, C. J.  This is a petition for mandamus to direct the judge of the trial court to show cause why he should not be required to sign a bill of exceptions complaining of the same judgment which was complained of by the same party in a previous bill of exceptions, the previous bill of exceptions (after being certified and filed in the office of the clerk of this court) having been withdrawn (by permission of this court) by the plaintiff in error before the second bill of exceptions was tendered to the judge— the tender being made within the time prescribed by law.  Counsel for petitioner in his brief concedes "that when a trial judge certifies to one bill of exceptions, he loses his jurisdiction of the case until the higher tribunal disposes of the case one way or the other. It is likewise conceded that during this time the lower court has no jurisdiction whatsoever with reference to the case; but there is altogether a different situation, in so far as the jurisdiction of the lower court is concerned, when the higher court disposes of the case, either by withdrawal, dismissal, or otherwise.  When this is done by the higher tribunal, then the case is remitted back to the lower court for action."  In other words, counsel contends that when a bill of exceptions is withdrawn or dismissed, there is no

bill of exceptions pending, and the trial judge has authority to certify another bill of exceptions; and that the ruling that the judge has no authority to certify a *second* bill of exceptions is not applicable. We cannot agree with this contention, as it seems well settled by the decisions of the Supreme Court and of this court that where a judge has once certified a bill of exceptions in a case, he is without authority to certify another bill of exceptions for the same party and as to the same judgment. The fact that the first bill of exceptions may have been withdrawn or dismissed would not change the rule.

*Mandamus nisi denied. Bloodworth, J., concurs. Luke, J., absent.*