BENSON *et al.* v. HINES *et al.*

1. The writ of quo warranto is the proper remedy to inquire into the right of any person to any public office, the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein.

2. This writ will lie in behalf of a claimant to test title to a private office.

3. Membership on the executive committee of the medical staff of Grady Hospital is not a private office.

4. Public office, within the meaning of the Civil Code, § 5451, means an office which has been lawfully created. Such an office must be created by the constitution, by some statute, or by municipal ordinance passed in pursuance of legislative authority.

5. Municipal offices can be created only by legislative authority, either express, or arising by necessary implication.

6. The mayor and council of the City of Atlanta are not authorized by the charter of that city, or by any law, to create the office of members of the executive committee of the medical staff of Grady Hospital; and the members of such committee, created by an ordinance of that city, are not public officers. This being so, the writ of quo warranto will not lie to test the right of persons who are undertaking to exercise the powers of such committee, brought at the instance of adverse claimants of such right.

No. 6627. August 16, 1928.

Application for quo warranto. Before Judge E. D. Thomas. Fulton superior court. May 2, 1928.

*Branch & Howard,* for plaintiffs.

*Horace Russell, Key, McClelland & McClelland,* and *Hewlett & Dennis,* for defendants.

HINES, J. Dr. Marion Benson and six other physicians, as citizens and taxpayers of the City of Atlanta, and as members of the executive committee of the medical staff of Grady Hospital, brought a quo warranto proceeding against Dr. Joseph H. Hines and five other physicians, who claim to be members of said executive committee by reason of an election held in March, 1928, by the hospitals and charities committee of the general council of Atlanta, to test the right and title of respondents to the positions claimed by them. The respondents demurred to the petition, upon the ground that it set forth no cause of action, for the reason that memberships on said committee do not constitute offices the title to which can be tested by a quo warranto proceeding. The trial judge sustained the demurrer, and the relators excepted.

The writ of quo warranto is the proper remedy to inquire into the right of any person to any public office, the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein. Civil Code, § 5451. This section has been construed by this court to confer the right upon a claimant to test title to a private office. *Hussey* v. *Gallagher,* 61 *Ga.* 86, 91; *Harris* v. *Pounds,* 64 *Ga.* 121; *McCarthy* v. *McKinney,* 137 *Ga.* 292 (73 S. E. 394). "Quo warranto will not lie to try title to an office not shown to have a legal existence." 32 Cyc. 1422 c; 22 R. C. L. 663, 664, § 5; Hedrick *v.* People, 221 Ill. 374, 77 N. E. 441. Clearly, membership on such committee does not constitute a private office. Such position is a public office, if

it is an office at all. Public office, within the meaning of the above section of the Code, means an office which has been lawfully created. Such an office must be created by the constitution, by some statute, or by municipal ordinance passed in pursuance of legislative authority. In *Collier* v. *Elliott,* 100 *Ga.* 363 (28 S. E. 117), it was held that the commissioners of roads and revenues of Fulton County could not establish a board of county police, charged with the duty of making arrests, or otherwise enforcing the criminal laws of this State, because there was no law authorizing these commissioners to create such board. In *Turner* v. *Fulton County,* 109 *Ga.* 633 (34 S. E. 1024), it was held that, prior to 1899, there was no law in this State which authorized county authorities to employ and pay a person for services as an inspector of roads and bridges. In *Fluker* v. *City of Union Point,* 132 *Ga.* 568 (64 S. E. 648), this court held that the mayor and council of said city had no authority under its charter to create by ordinance the office of night-watchman of said city. This decision rests upon the proposition that a municipality can not by ordinance create an office unless authorized to do so by its charter or by some statute. This decision is supported by the authorities. A city has no authority to create an office where it is not so expressly empowered by statute or charter provision, unless the power has been conferred upon it at least by necessary implication. Municipal offices can be created only by legislative authority. This creative act must be either immediate, as one done directly by the General Assembly, which possesses all inherent power to create municipal corporations, or delegated when the corporation is expressly empowered by charter or the general law to create the office itself. 43 C. J. 598, § 975, 4, and decisions cited in the notes. This principle is based upon sound reasoning.

It is not contended, and it is not true, that this committee was created by the constitution, or any statute, or by any ordinance passed in pursuance of legislative authority. Counsel for the relators concedes that the charter of the city is silent upon this subject. It follows that persons who claim to be members of this committee, and who are exercising the powers of such members, do not occupy official positions, and are not exercising powers attached to public office; and they can not be proceeded against by the writ of quo warranto to test their title to such public offices, as no such offices legally exist. It is unnecessary for us to decide the status

of this committee. It is sufficient to show that they are not under-taking to exercise the powers of public office. It follows that the trial judge did not err in sustaining the demurrer to the petition.

*Judgment affirmed. All the Justices concur.*