20080.　MORRIS *v.* GILHAM-SCHOEN ELECTRIC CO.

650

*H. C. Hatcher, W. J. Hatcher,* for plaintiff in error.

*Lewis & Lewis,* contra.

LUKE, J.   Gilham-Schoen Electric Company brought suit against E. G. Morris, doing business as Morris Hardware Company to the April, 1926, quarterly term of the city court of Waynesboro, upon an open account for the purchase-price of a radiola and accessories. In his answer the defendant denied indebtedness, alleged that the machine was so defective that he was forced to take it back from a customer to whom he had sold it and return it to the seller, and asked for a judgment of $50 "for time of salesman and $91.75 commissions on the sale of the machine." On April 27, 1927, the court sustained a demurrer to the answer, striking therefrom all claims of "set-off and recoupment." On May 25, 1927, Morris filed exceptions pendente lite to the order sustaining the demurrer. The case proceeded to trial, and at the April, 1927, term of the court, the jury returned a verdict for plaintiff for $100. A motion for a new trial, based solely upon the usual general grounds, was duly filed. On August 27, 1929, the court passed the following order: "The within motion coming on to be heard, and no brief of evidence being presented for approval, nor approved, nor filed, the motion for new trial is hereby dismissed." In the bill of exceptions error was assigned upon the order dismissing the motion for a new trial, and upon the exceptions pendente lite. The gist of the motion to dismiss the bill of exceptions filed in this court is that no proper motion for a new trial was made, for the reason that no brief of evidence was ever filed, and that, therefore, the exceptions pendente lite are not properly before this court.

It appears from the record that no brief of evidence has ever been filed. "A brief of the evidence is an indispensable statutory requisite to a valid motion for a new trial. This is true even though the verdict be directed by the court, and even though the motion be based on grounds which do not require a consideration of the evidence. *Moxley* v. *Georgia Ry. & Elec. Co.,* 122 *Ga.* 493 [50 S. E.

339] ; *Mize* v. *Americus Mfg. & Imp. Co.,* 106 *Ga.* 140 [32 S. E. 22] ; *Baker* v. *Johnson,* 99 *Ga.* 374 [27 S. E. 706]." *Georgia Ry. &c. Co.* v. *Hamer,* 1 *Ga. App.* 673 (3) (58 S. E. 54). "In order to assign error in a bill of exceptions complaining of the dismissal of a motion for a new trial, the motion for a new trial must have been a valid motion. It follows that the exceptions pendente lite can not be considered; and, from the ruling in the first division of the opinion, that the court did not err in dismissing the motion for a new trial." *Reed* v. *Warnock,* 146 *Ga.* 483, 488 (91 S. E. 545). In the *Reed* case Justice Hill fully elucidates the principle with which we are now dealing, and that decision is ample authority for our conclusion that the record here presents nothing for our consideration, and that the writ of error must be dismissed.

*Writ of error dismissed. Broyles, C. J., and Bloodworth, J., concur.*