21458. ADRIAN *v.* THE STATE.

DECIDED JUNE 9, 1931.

*Porter & Mebane,* for plaintiff in error.
*M. Neil Andrews, solicitor-general, Dean Owens,* contra.

LUKE, J. The only question raised by the record in this case is whether or not the evidence supports the verdict finding Hurd Adrian guilty of possessing whisky.

Roy Floyd testified as follows: "I am a policeman of the City of Rome. I know Hurd Adrian. On the 21st day of December, 1930, the police department had a call to East Rome, and Mr. J. H. White, another officer, and myself went out to East Rome. We got

out there after dark, and on East Ninth street we saw an automobile, which was being driven by Hurd Adrian, and we pulled up beside the automobile and arrested the defendant and another negro who was in the car with him by the name of Arnold. It developed afterwards that the autmobile was the car of Arnold, and it was turned over to Arnold, but the defendant was driving the automobile. Arnold was drunk. The defendant was not drunk, but when we arrested him we found in the automobile, and on the front seat between the defendant and Arnold, a quart-bottle of liquor almost full. The defendant had on an overcoat, and his overcoat covered up this bottle of liquor, and it could not be seen by us, as it was between the overcoat of the defendant and the defendant. We searched him, and in his pockets we found three pint-bottles with corks in them. They were clean bottles and had nothing in them. We arrested both defendants and took them to jail. All this transpired in Floyd County, Georgia." Here the record states: "J. H. White testified for the State the same as did Roy Floyd, and corroborated the testimony of Roy Floyd, and, for the sake of brevity, the testimony of Roy Floyd is adopted as the testimony of J. H. White." The defendant's statement to the jury follows: "I am not guilty of this charge of possessing intoxicating liquors. The liquor which was found in the automobile was not my liquor, and I had nothing in the world to do with the liquor. The automobile in which this liquor was found was not my automobile. It was Arnold's automobile. Some hour before I was arrested . . I ran upon Arnold driving the automobile, and he was running the automobile zigzag across the street, and ran into the sidewalk, on account of the fact that he was intoxicated. I got in the automobile and took hold of the wheel, he getting over on the other side of the seat. I asked him where he wanted to go, and he said, over to Fannie Wood's house. I drove him over there, and when we got there he was still drunk, and I told him that the thing he had better do was to get home. While we were there someone called the officers, and so I put him in the automobile and started to drive him home, when the officers overtook us. He had a quart-bottle of liquor with him at the house of Fannie Wood, and I did not know what he had done with the liquor until the officers found the liquor in the automobile between him and me on the front seat; but the liquor was not mine and I had nothing

to do with its possession. Arnold was fined $7 in the police court for being drunk. This is the truth of the whole matter. I did not have the bottles in my pocket, but had picked them up, and had intended taking them home."

Counsel for plaintiff in error earnestly insists that the facts of the case do not meet the requirement of the circumstantial evidence rule as laid down in the Penal Code (1910), § 1010, and cites as authority for his contention the following cases: *Culberson* v. *State,* 26 *Ga. App.* 648 (106 S. E. 923); *Harris* v. *State,* 28 *Ga. App.* 241 (111 S. E. 214); *Davis* v. *State,* 28 *Ga. App.* 772 (113 S. E. 115); *Burnett* v. *State,* 29 *Ga. App.* 47 (113 S. E. 245), and 30 *Ga. App.* 261 (117 S. E. 764).

It appears from the record in the case at bar that the owner of the automobile in which the liquor was found was too drunk to drive his car, and that the defendant, who was not drunk, was driving the automobile, and ostensibly in control of it. We are of the opinion that the jury had the right to believe either that the defendant was knowingly in possession of the quart of liquor which was "between the overcoat of the defendant and the defendant," or, as appears from his statement, that the defendant was doing a kindly and commendable act in driving the automobile for the owner, who was entirely too drunk to drive it himself, without knowing that there was a quart-bottle of whisky under his coat. Each of the cases cited by counsel for plaintiff in error is differentiated from the case at bar by its facts. We hold that the evidence supports the verdict, and that the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*