BEAVERS *v.* LeSUEUR *et al.*

No. 13434. DECEMBER 5, 1940.

364

*R. J. Bacon,* for plaintiff.
*Fort, Fort & Fort* and *Dykes, Bowers & Dykes,* for defendants.

BELL, Justice. There is a motion by the defendants in error to dismiss the writ of error based upon the present bill of exceptions. This motion to dismiss is well taken, and must be sustained.

In so far as the bill of exceptions attempted to assign error upon the original order overruling the demurrer, and not on the exceptions pendente lite, it was fatally defective for the reason that it was not presented to the trial judge within 60 days from the date of the ruling complained of, and was too late, regardless of when the court may have adjourned. Code, § 6-902.

In so far as it was based on the exceptions pendente lite relating to the same ruling, it was still not in time, for the reason that the motion for new trial aborted and became void for failure to prepare and present for approval a brief of the evidence, as required by an order of the court. Code, § 70-302; *Reed* v. *Warnock,* 146 *Ga.* 483, 488 (91 S. E. 545); *Firemen's Insurance Co.* v. *Oliver,* 176 *Ga.* 80 (2) (167 S. E. 99). "A void proceeding of that character could not serve to extend the time" for tendering a final bill of exceptions assigning error upon the exceptions pendente lite. *Reed* v. *Warnock,* supra. See *Morris* v. *Gilham-Schoen Electric Co.,* 40 *Ga. App.* 649 (150 S. E. 924); *Varner* v. *Thompson,* 49 *Ga. App.* 136 (2) (174 S. E. 383). If the motion for new trial had been *erroneously* dismissed, as in *Spooner* v. *Spooner,* 178 *Ga.* 105 (172 S. E. 5), a different question would have been presented.

While the plaintiff in error assigned error on the dismissal of his motion for a new trial, it is clear from the record that the motion was properly dismissed, and in the brief filed in his behalf it is not even contended that this judgment was erroneous. The decision in *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047), dealt with the sufficiency of assignments of error in matter of form and not with their timeliness. The decision in *Collins* v. *West,* 5 *Ga. App.* 429 (63 S. E. 540), so far as it may have dealt with the present question, does not comport with the ruling in the *Warnock* case, supra, and is disapproved. Cf. *Durrence* v. *Waters,* 140 *Ga.* 762 (79 S. E. 841); *Newton* v. *Roberts,* 163 *Ga.* 135 (135 S. E. 505).

The writ of error may or may not be subject to dismissal for still other reasons. For instance, does it not violate the rule about two writs of error by the same party in the same case? *Marshall* v. *Livingston,* 77 *Ga.* 21 (5), 22; *Greer* v. *Holdridge,* 86 *Ga.* 791

(13 S. E. 108); *Beck & Gregg Hardware Co.* v. *Crum,* 127 *Ga.* 94 (56 S. E. 242); *Pace* v. *Harris,* 9 *Ga. App.* 621 (71 S. E. 1006); *Bateman* v. *Gunn,* 31 *Ga. App.* 485 (120 S. E. 703). Again, where the *only* judgment excepted to as a *final* judgment was the order dismissing such *void* motion for a new trial, was this such a judgment as would support assignments of error on the exceptions pendente lite, in the final bill of exceptions? See *Durrence* v. *Waters,* supra. Regardless of these questions, however, the writ of error must be dismissed for the reasons indicated above. Since the present writ of error is itself a nullity, we can not entertain the suggestion to consolidate it with the previous bill of exceptions to which reference has been made. This is not to imply that such a consolidation could be made under any circumstances.

*Writ of error dismissed. All the Justices concur.*