20928. RITCHIE *et al. v.* BARKER *et al.*

ARGUED JUNE 13, 1960—DECIDED JULY 7, 1960.

196

198

*Emory F. Robinson, Woodrow Tucker, Wheeler, Robinson, Norton & Thompson,* for plaintiffs in error.

*Charles J. Bloch,* for party at interest not party to record.

*William Butt, Herman J. Spence, Sam P. Burtz,* contra.

HAWKINS, Justice, after stating the foregoing facts. ■ The relators have moved to dismiss the bill of exceptions on the ground that it shows on its face that there was never any valid motion for a new trial pending in the case, and that the purported motions for a new trial were void; that the only judgment excepted to as a final judgment was the order dismissing what are alleged to be void motions for a new trial, which are alleged to be void because not perfected by the presentation of a brief of evidence within the time provided by the order of the court; that the order dismissing the motions for a new trial was not such a judgment as would support assignments of error on the antecedent judgment overruling the general demurrers, which was entered April 3, 1959; that the verdict of the jury and the judgment of the court thereon rendered October 29, 1959, was a final judgment in the case; and that no exceptions were taken to either of these judgments until April 13, 1960, which was more than thirty days after the rendition thereof, and therefore not within the time prescribed by Code (Ann.) § 6-902; and that the bill of exceptions seeking to review the judgment overruling the general demurrers is in violation of Code (Ann.) § 6-701.

The relators rely on the decisions of this court in *Reed v. Warnock*, 146 Ga. 483 (91 S. E. 545), and *Beavers v. LeSueur*, 191 Ga. 363 (12 S. E. 2d 583), in support of this motion. In both of those cases reference is made to exceptions pendente lite, which we may now ignore, since exceptions pendente lite were abolished by the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 453). In the *Reed* case a motion for new trial not accompanied by a brief of evidence, where no additional time was allowed by order of the court within which to prepare and present a brief of evidence, was held to be void, and that the exceptions to a judgment dismissing such motion would not extend the time within which error might be assigned on exceptions pendente lite complaining of an antecedent judgment rendered more than thirty days prior to the presentation of the final bill of exceptions. A ruling to the same effect was made in the *Beavers* case, it being there held that, on failure to present for approval a brief of evidence within the time pro-

vided by order of the trial judge, the motion for a new trial became void. But these decisions are not controlling here, because neither of them dealt with a quo warranto proceeding, which stands on an entirely different footing from an ordinary case in equity or at law, and because of the various amendments to the rules of practice and procedure enacted since they were rendered. By Code § 6-701 as amended by Ga. L. 1946, pp. 726, 730; Ga. L. 1953, Nov.-Dec. Sess., pp. 440, 455; Ga. L. 1957, pp. 224, 230, and now appearing as thus amended as Code (Ann.) § 6-701, it is expressly provided that "No bill of exceptions as to any ruling or decision in a mandamus or quo warranto proceeding . . . may be taken to the Supreme Court by a bill of exceptions and writ of error until there has been a final judgment in the trial court. The overruling of a general demurrer in any of these cases shall not be deemed a final judgment subject to review; but the grant of a new trial shall be treated as a final judgment in these cases and subject to review as in other cases." Another provision of that Code section applicable here is that "No cause shall be carried to the Supreme Court . . . upon any bill of exceptions while the same is pending in the court below . . . and should the case at its final determination be carried by writ of error to the Supreme Court . . . by either party, error may be assigned upon any antecedent ruling and a reversal and a new trial may be allowed thereon, when it shall be manifest that such erroneous decision of the court has or may have affected the final result of the case, irrespective of the time elapsing between the date of such antecedent ruling and the presentation of the final bill of exceptions. Where bill of exceptions is permissible, all judgments, rulings, or orders rendered in the case which are assigned as error, and which may affect the proceedings below, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling or order standing alone, and without regard to whether the judgment, ruling or order excepted to was final, or was subject to review by some other express provision of law contained in this section, or elsewhere."

The first sentence in this Code section provides that "No

cause shall be carried to the Supreme Court . . . upon any bill of exceptions while the same is pending in the court below, unless the decision or judgment complained of, if it had been rendered as claimed by the plaintiff in error, would have been a final disposition of the cause or final as to some material party thereto." While the ruling on a general demurrer to a proceeding may ordinarily be excepted to under this provision of the Code, this cannot be done in a quo warranto case. Certainly, until dismissed, the motions for a new trial were undisposed of and were pending in the court below. Even in an ordinary case, and without the special provision as to the necessity for a final judgment in a quo warranto proceeding, one cannot properly, while the case is still pending by reason of the filing of a motion for new trial which is undisposed of, bring to this court for review any ruling or other decision made by the judge during the progress of the case, or the judgment entered upon the verdict. *Darden v. Roberts*, 193 Ga. 637 (19 S. E. 2d 270); *Ross v. Griffin*, 210 Ga. 22 (77 S. E. 2d 523). Code (Ann.) § 6-901 provides: "Either party in any civil cause, and the defendant in any criminal proceeding, in the superior or city courts, may except to any sentence, judgment, or decision, or decree of such court, or of the judge thereof in any matter heard at chambers." The plaintiffs in error had a right to except to the judgment dismissing their motions for a new trial, and a bill of exceptions assigning error thereon is permissible, even though the exceptions should be held to be without merit, and, as provided by Code (Ann.) § 6-701 above quoted, all judgments, rulings, or orders rendered in the case which are assigned as error, and which have not been rendered moot, shall be reviewed and determined by the appellate court, without regard to the appealability of such judgment, ruling, or order standing alone, and without regard to whether the judgment, ruling, or order excepted to was final, or subject to review by some other express provision contained in this section, or elsewhere. Attention is also called to the language contained in the act of 1947 (Ga. L. 1947, p. 298), now appearing as Code (Ann.) § 70-301.1. Contrary to the rule which had previously existed, that a brief of evidence was essential to the validity of

a motion for new trial, it is there provided that a brief of evidence shall not be required to be filed with any motion for a new trial where the assignments of error made therein do not require the consideration of the evidence in the case; and it is further provided that, should the assignments of error require the consideration of the evidence, the failure of the movant to file a properly approved brief of evidence shall be held and deemed a waiver of all such grounds of the original and amended motion for a new trial, and neither the trial court, on the hearing of said motion, nor the appellate court on a review of the ruling of the trial court thereon, shall be required to pass on any assignment of error which may be made involving a consideration of the evidence, "but shall only be required to pass upon all questions of law made which do not require a consideration of the evidence in the case." The decisions of this court in the *Reed* and *Beavers* cases, supra, relied upon by counsel in support of their motion to dismiss the bill of exceptions, were both rendered prior to the various amendments to the rules of practice and procedure above referred to, and are not now controlling on the question here presented. The motion to dimiss the bill of exceptions is denied. *Allen v. Bobo*, 215 Ga. 707 (113 S E. 2d 138).

■ Where, as in this case, the movant in a motion for new trial, by an order entered at the time the motion is filed, is allowed until the hearing to prepare and present for approval a brief of the evidence, and on motion of the movant the date of the hearing is continued from time to time, the last and third order of continuance being for a period of over two months, it is not error for the judge, on the call of the case for a hearing on the date fixed by such order of continuance, to refuse the request by the movant to further extend the time within which to prepare and present for approval a brief of the evidence because of the failure of the reporter to transcribe his notes, where such failure was occasioned by the neglect of the movant or his counsel to arrange with the reporter for his compensation when put upon notice by the reporter that such an arrangement would be necessary as a condition precedent to his transcribing the evidence; nor, after such refusal to further con-

tinue the hearing, is it error to dismiss the motion because of failure to have prepared a brief of evidence in compliance with the order. Code § 70-302; *Bryant v. Gray,* 105 Ga. 483 (30 S. E. 732); *Western & A. R. Co. v. Callaway, McCarty & Gregory,* 111 Ga. 889 (36 S. E. 967); *Eason v. Mayor &c. of Americus,* 106 Ga. 179 (32 S. E. 106), and cases there cited.

■ While this court has held that "public office" within the meaning of Code § 64-201, which provides that the writ of quo warranto may issue to inquire into the right of any person to any public office, the duties of which he is in fact discharging, means an office which has been lawfully created by the Constitution, by some statute, or by municipal ordinances passed in pursuance of legislative authority (*Benson v. Hines,* 166 Ga. 781, 144 S. E. 287), and that an officer, member, or employee of a political party is not a public officer (*McLendon v. Everett,* 205 Ga. 713, 717, 55 S. E. 2d 119), that this court has often declared that elections belong to the political branch of the government, and that courts of equity will not interfere to protect a purely political right (*Bullard v. Culpepper,* 190 Ga. 848, 849, 11 S. E. 2d 19)—the present case is controlled by the ruling of this court in *Morris v. Peters,* 203 Ga. 350 (1, 2, 3) (46 S. E. 2d 729), wherein it was held that the office of Chairman of the State Democratic Executive Committee of Georgia is not a public office of the State within the ordinary acceptation of that term, "Nevertheless, Georgia statutes have given to such office a status in law at least equivalent to that of an office in a corporation, so that it is subject to the writ of quo warranto to the same extent as an office of the latter class, and this is true although the political party itself is not a corporation. In view of the legal status that has been attached to such office by statute in this State, the quo warranto proceeding in which the relator claims title to such office and seeks to recover it from a rival claimant is not subject to demurrer as asserting a purely political right."

Among the various duties imposed by statute upon County Executive Committees of political parties holding primary elections in Georgia are the following: Code (Ann.) § 34-1914 requires that in all primary elections it shall be the duty of

the County Executive Committee to provide official ballots; and Code (Ann.) § 34-3309 requires that the officers of any party or organization whose duty it is to furnish official ballots shall furnish absentee ballots to the ordinary. Code (Ann.) § 34-3225 provides that the demand for a recount of the ballots cast in a party primary shall be filed with the County Executive Committee; and Code (Ann.) § 34-3226 requires that the County Executive Committee or the Chairman thereof shall grant the recount and notify all candidates of such demand. Code (Ann.) § 34-3227 provides who shall compose the recount committee; and Code (Ann.) § 34-3234 provides that the recount committee shall publicly announce the result of the recount, reduce it to writing, and file a report thereof with the Executive Committee of the county or other officer under whose authority such primary election has been held; that such report shall be final and shall be adopted, promulgated, published and certified as such by the authority of the political party under whose jurisdiction the said primary election has been held. Code (Ann.) § 34-3235 provides that any certification of the result of the primary election previously made by the County Executive Committee or other authority conducting the election shall be superseded by the report of the recount committee; and Code (Ann.) § 34-3236 provides for mandamus against the County Executive Committee if it fails or refuses to adopt the report of the recount committee, and confers jurisdiction upon the courts of the State to hear and determine such cause, notwithstanding the political nature of the controversy. Code (Ann.) §§ 34-3219, 34-3220, and 34-3221 provide that State Senators shall be named in primaries held in the counties whose turn it is to furnish the nominee under the rotation system; that the primary shall be held under the rules and regulations prescribed by the Executive Committee or other party organization of the county whose turn it is to furnish such nominee; that such County Committee or other authority may by resolution disclaim the right of the members of such party in such county to furnish such nominee, but shall not furnish the nominee for two successive terms unless consented to by the Executive Committees of the other counties in the district having equal representation

in the House of Representatives. Code § 34-3209 provides that party authorities may formulate rules and regulations for holding primary elections and for making returns thereof in all matters not provided for in Chapter 34-32 of the Code. See Election Laws of Georgia (1959), by Albert B. Saye, Institute of Law and Government, School of Law, University of Georgia.

Thus, as was held in the case of *Morris v. Peters*, 203 Ga. 350, supra, Georgia statutes have given to the office of County Executive Committee such a status in law that its members are subject to the writ of quo warranto, and the petition of the relators claiming title to such offices and seeking to recover the offices from the respondents as rival claimants was not subject to demurrer as asserting a purely political right. The petition stated a cause of action and it was not error to overrule the general demurrers thereto.

■ The petition was not subject to special demurrer on the ground that it is multifarious or that it contains a misjoinder of causes of action and of parties plaintiff and defendant. The complainants claim by the same right, charge a common wrong, and pray a common redress. *Hand v. Dexter*, 41 Ga. 454 (2). See also *Harris v. Rowe*, 200 Ga. 265 (36 S. E. 2d 787).

*Judgment affirmed. All the Justices concur.*