## WIMPY vs. GASKILL et al.

1. The charge of the court in this case was unexceptionable.
2. Where an attorney brought suit, alleging that the defendants were indebted to him for professional services rendered, and the defendants pleaded the general issue; and further, that plaintiff was employed by their father to render the services charged for, and that he had paid the plaintiff for such services, this was not a plea of payment, but was an amplification of the plea of the general issue, and there was no error in instructing the jury that the burden was on the plaintiff to make out his case by a preponderance of evidence.
3. Where complaint was made in a ground of a motion for a new trial, that the court did not construe the written contract between the plaintiff and the father of the defendants, but the record shows that he did construe it, and left the jury to determine whether the services rendered by the plaintiff and involved in the suit were the same as those contracted for by the father, this was proper.
4. The evidence supports the verdict, and there was no error in refusing a new trial.
5. Where a motion for new trial was presented and overruled, and, at the same term of court, a similar motion was again presented, the court was right in refusing to entertain it and in dismissing it.

February 17, 1886

Charge of Court. Pleadings. Burden of Proof. Contracts. New Trial. Practice in Superior Court. *Res Adjudicata*. Before Judge HAMMOND. Fulton Superior Court. April Term, 1885

John A. Wimpy brought suit against Charles B. Gaskill, Clinton R. Gaskill and Cora L. McKenney, formerly Gaskill, to recover for services alleged to have been rendered by him to them as attorney. Attached to his declaration was a bill of particulars, stating the cases for representing which he claimed fees. The defendants pleaded the general issue, and that the plaintiff had been paid for any services which he may have rendered; also, that the plaintiff was indebted to them for money collected and not paid over, which was pleaded as a set-off. By amendment, the defendants pleaded that their father, V. A. Gaskill, had

made a written contract with a firm, of which the plaintiff was a member, for services to be rendered him in certain litigations, including the cases named in the bill of particulars, and that he had fully paid the plaintiff for such services. A copy of the written contract was attached to the plea. It provided that the plaintiff's firm agreed " to attend to the litigation that may arise, or has arisen, and now in court in Fulton county, Georgia, in the cases of the State of Georgia *vs.* V. A. Gaskill, concerning what is called the " Dobbins fee matter," etc., stating other litigations by like descriptive terms, and fixing the fees to be paid by Gaskill.

On the trial, the jury found for the defendants. The plaintiff moved for a new trial, assigning the following, among other things, as grounds of error:

(1.) Because the verdict was contrary to law and evidence.

(2.) Because the court charged as follows: " So you can look to the evidence, gentlemen, and ascertain from that whether they were litigations that arose in those cases specified in the written contract, and if they were, then they would be covered by the written contract, and Mr. V. A. Gaskill would be liable to Mr. Wimpy to pay him for the legal services rendered in those cases; but those defendants would not be liable, unless their liability appeared otherwise, as the court will explain to you."

(3.) Because the court charged as follows: " But if you find there was no such abrogation or setting aside of this written contract, but it remained in force, and that Mr. Wimpy's legal services were rendered under the written contract to Mr. V. A. Gaskill, and that there was no other or different contract between them and these defendants, Charles B. Gaskill, Clinton R. Gaskill and Cora L. Gaskill, by which they were to pay him for legal services rendered them ; and if you find that the cases specified in the bill of particulars to the plaintiff's declaration, were those cases specified in this written contract, then

Mr. Wimpy could not be entitled to recover against these defendants."

(4.) Because the court charged, in substance, that the burden was upon the plaintiff to make out his case by a preponderance of evidence.

(5.) Because the court admitted in evidence the answers of V. A. Gaskill to certain interrogatories.—The objection was that the answers were written by the witness, and it did not affirmatively appear that they were written in the presence of the commissioners.

The motion was overruled, and the plaintiff excepted. During the same term of court, the plaintiff made a second motion for a new trial, on the following ground:

Because of newly discovered evidence to show that the interrogatories of V. A. Gaskill were not executed in the presence of the commissioners, but that Gaskill wrote his own answers, and merely had the commissions to qualify him thereto.

This motion was dismissed by the court, on the ground that the previous motion had been made and overruled at the same term. The plaintiff again excepted. In the Supreme Court, both cases were heard together.

HOPKINS & GLENN; JOHN A. WIMPY, *in propria persona*, for plaintiff in error.

JOHN COLLIER, for defendants.

BLANDFORD, Justice.

The plaintiff in error sued the defendants in error for services rendered as an attorney at law; defendants pleaded the general issue; and further, that plaintiff was employed by their father, V. A. Gaskill, to render the services charged for, and that he had paid plaintiff for his services thus rendered. The parties being at issue upon the pleas, the jury found for defendants on both pleas. Plaintiff moved for a new trial, which being denied by the court, the plaintiff brings the case here for review.

1. The charge of the court, as set out in the record, is unexceptionable.

2. The complaint that the court charged the jury that the burden of proof is on the plaintiff upon the plea of payment, is not well taken. There is no plea of payment in the record, but the plea set out above is but an enlargement of the plea of the general issue, and the testimony would have been admissible under that plea. Hence there was no error in instructing the jury that the burden was on the plaintiff to make out this case by a preponderance of evidence.

3. The next complaint is that the court did not construe the contract in writing between plaintiff and V. A. Gaskill, but left it to the jury. This exception is equally unfounded as the one considered. The record shows that the court did construe the contract, and it was left to the jury to determine whether the services rendered by plaintiff and sued for were the same as those contracted for by V. A. Gaskill, and this was proper.

4. The evidence supports the verdict, and there is no error in refusing a new trial.

5. In the second case, the court refused to entertain the motion for new trial, and dismissed the same, because a motion of the same sort had been presented and refused in the same case at the same term. The court was right to refuse to entertain the motion and to dismiss the same; it was *res adjudicata* and requires no demonstration.

Judgment affirmed in both cases.