17760. HANOVER FIRE INSURANCE COMPANY OF NEW YORK *v.* HODGES.

STEPHENS, J. 1. Where a person had purchased land and paid therefor, without taking a deed of conveyance into himself, but where the legal title thereto was, with his consent, conveyed by his vendor to the purchaser's brother for the sole and specific purpose of being by the brother transferred to another to secure a debt of the purchaser, and where the brother had fully executed and discharged this trust by making a deed of conveyance thereunder as security for the purchaser's debt, the entire legal and equitable interest in the property, subject to the loan deed made by the brother, became by operation of law vested in the original purchaser. A second loan deed afterwards executed by the brother, conveying the property to secure his own debt, without the knowledge or consent of the original purchaser in possession as the true owner holding the entire legal and equitable interest in the property, subject to the first loan, vested no title in the grantee to secure the second loan, where the grantee took with notice of the original purchaser's right, title, and interest in the property. Where, at the time of the execution by the brother of the second conveyance, the original purchaser occupied a house on the land and was in sole possession of the house, and therefore of the land upon which the house rested, this possession constituted notice to the grantee in the second loan deed of the right, title and interest of the person in possession to the house and the land upon which it rested.

2. Where, after the execution of the second conveyance by the brother, the original purchaser took out a policy of fire insurance upon the house located upon the land, such second conveyance constituted no encumbrance upon the insured's title to the property. In a suit by the insured against the insurance company to recover under the policy for a loss of the property insured by fire, where the defendant denied liability upon the ground that the second conveyance constituted an encumbrance upon the property without the defendant's knowledge and consent, in violation of the terms of the policy, a finding that the title to the property insured, at the time of the issuance of the policy,

---

Appeal and Error, 4 C. J. p. 969, n. 56; p. 1158, n. 19, 20, 21, 22.

Fire Insurance, 26 C. J. p. 157, n. 98; p. 177, n. 47; p. 197, n. 26, 31, 38; p. 231, n. 58; p. 235, n. 24; p. 362, n. 91; p. 381, n. 75; p. 506, n. 96; p. 538, n. 70; p. 543, n. 17.

Mortgages, 41 C. J. p. 536, n. 95.

Trusts, 39 Cyc. p. 118, n. 5; p. 119, n. 9; p. 375, n. 1.

was not encumbered as alleged by the defendant, was as a matter of law demanded.

3. Where the policy further provides that it will be void if the insured has concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, a failure on the part of the insured to inform the insurer of the existence of the above-described alleged encumbrance upon the property insured is not a violation of this provision of the policy, where the insured at the time of the issuance of the policy was ignorant of the existence of the alleged encumbrance.

4. Under the above rulings, there was no evidence to authorize an inference that the title to the property insured was not in the plaintiff at the time of the issuance of the policy, or that it was otherwise encumbered without the knowledge of the defendant. A verdict for the plaintiff was therefore demanded as a matter of law in an amount representing his loss under the policy.

5. In view of the above rulings, it is immaterial that the insured acquired from the trustee a deed of conveyance to the property after the trustee had executed the deed to secure debt which created the alleged encumbrance upon the property, and before the issuance of the policy. It follows that the admission of this deed in evidence over the defendant's objection, upon the ground of insufficient description of the property, was, if error, harmless to the defendant.

6. The second proof of loss contained in the amendment to the petition not having been filed with the defendant within the time required by the terms of the policy, was filed too late, and the amendment should have been rejected. The proof of damage to the property destroyed should therefore be limited to the amount represented in the original proof of loss, which was $2225.43. The plaintiff having received $300 upon the payment of this loss from another insurance company, in which he held concurrent insurance upon the property destroyed, a verdict for the plaintiff in an amount in excess of $1925.43 is unauthorized. Since the error in allowing the amendment to the petition can be cured by writing from the principal of the verdict found in the sum of $2000 the sum of $74.57, and by writing from the interest found in the sum of $104.94 a proportionate amount, so that the verdict shall read as finding for the plaintiff in the sum of $1925.43 principal, plus the interest thereon, which will equal $104.94, less the amount of interest written off, the judgment will be affirmed upon condition that the plaintiff write off the verdict the sums indicated above at the time the remittitur from this court is made the judgment of the court below; otherwise the judgment will be reversed. *Travelers Ins. Co.* v. *Thornton*, 119 *Ga.* 455 (6) (46 S. E. 678).

*Judgment affirmed on condition. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 28, 1927.

Complaint on fire policy; from city court of Sandersville— Judge Goodwin. October 21, 1926.

STATEMENT OF FACTS BY STEPHENS, J.

T. S. Hodges sued the Hanover Fire Insurance Company of

New York upon a policy of fire insurance covering a certain dwelling house, which was destroyed by fire. He attached to his petition a copy of the policy, and also a copy of the proof of loss presented by him to the defendant, in which the total loss was alleged to be $2225.43. The plaintiff alleged that there was concurrent insurance on the building in the sum of $300, and deducted this amount from the total loss, leaving a balance of $1,-925.43, which he sought to recover.

The policy was issued on December 2, 1924, for the term of one year, and the fire was alleged to have occurred on July 8, 1925. The petition alleged that at the time of the loss and at the time of the issuance of the policy the title to the land on which the building stood was in the Federal Land Bank of Columbia, to secure a loan, and that the defendant had knowledge of the loan; that the plaintiff had contracted to purchase the hundred-acre tract of land upon which the building stood from his father, H. C. Hodges, who owned a tract of about four hundred acres, and that the plaintiff had been in possession of this hundred-acre tract for more than fifteen years; that in the fall of 1921 he agreed with his father and his brother, H. H. Hodges, that the entire four-hundred-acre tract be conveyed to H. H. Hodges for the purpose of negotiating a loan with the Federal Land Bank of Columbia; that the four hundred acres were conveyed by H. C. Hodges to H. H. Hodges on December 19, 1921, and H. H. Hodges conveyed the same property on August 12, 1922, to the Federal Land Bank of Columbia to secure a loan of $5800, of which loan the plaintiff received $500; and that on September 9, 1922, the plaintiff received from H. H. Hodges a deed to the one hundred acres, of which he had been in possession for about twelve years, the conveyance being made subject to the outstanding loan deed to the Federal Land Bank of Columbia.

The material parts of the policy sued on are as follows: "This entire policy shall be void if the insured, has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein. . . This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership, or if

the subject of insurance be a building on ground not owned by the insured in fee-simple. . . If fire occur the insured shall give immediate notice of any loss thereby in writing to this company, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, make a complete inventory of the same, stating the quantity and cost of each article and the amount claimed thereon; and within sixty days after the fire, unless such time is extended in writing by this company, shall render a statement to this company signed and sworn to by said insured. . . The loss shall not become payable until sixty days after the notice, ascertainment, estimate and said proof of the loss herein required have been received by this company. . . No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements."

The defendant filed a plea denying liability.

Upon the call of the case for trial the plaintiff tendered an amendment to his petition, alleging therein that he suffered a total loss of $3601.69 in the destruction of the building, and attached to the amendment an amended proof of loss, setting up his damage in that amount. It was alleged that he was entitled to recover $2000, which was the full amount of the insurance. To the allowance of the amendment the defendant objected, upon the ground that it did not appear that the amended proof of loss, referred to therein, was signed and sworn to by the insured, and that it did not appear that the amended proof of loss was rendered to the defendant within the time provided for in the policy, or within the time prescribed by law, and also upon the ground that no sufficient reason was shown for the submission of an amended proof of loss. The court allowed the amendment, and the case proceeded to trial. The paper designated as the amended proof of loss was admitted in evidence over the defendant's objection. The defendant, at the conclusion of the testimony for both sides, moved to dismiss the suit, upon the ground that it was prematurely brought, in that it appeared that the proposed amendment was not served upon the defendant within the time required by law, and that no suit could be maintained upon the policy until after the expiration of sixty days after proof of loss had been received

by the defendant. This motion was overruled. The defendant excepted to the allowance of the amendment and to the overruling of the motion to dismiss.

The defendant introduced in evidence a loan deed from H. H. Hodges to the Warehouse & Realty Corporation, dated January 2, 1924, and recorded February 13, 1924, conveying the entire tract of four hundred acres, to secure a loan of $1100, and reciting that the conveyance was subject to the loan deed in favor of the Federal Land Bank of Columbia. In this four-hundred-acre tract was included the one-hundred-acre tract claimed by the plaintiff upon which the subject of the insurance stood. H. H. Hodges admitted the execution of this deed, but his testimony was undisputed that the plaintiff had no knowledge of it. The plaintiff's testimony was to the effect that he himself had no knowledge of the deed to the Warehouse & Realty Corporation when the policy was issued to him. It does not appear that the insurance company knew of the existence of this deed at the time the policy was issued. It appeared from undisputed evidence that the plaintiff was living in the insured house at the time of the issuance of the policy, and that for a period of twelve or fourteen years he had been in possession of the hundred-acre tract upon which the house stood, as purchaser from his father, but that he had not received from his father a deed of conveyance of the property. It appeared that this hundred-acre tract occupied by the plaintiff formed a part of the four-hundred-acre tract to which H. H. Hodges had held the legal title, and that when H. H. Hodges made the deed to the Warehouse & Realty Corporation, he and the plaintiff, though living separately, both lived upon and occupied the four-hundred-acre tract. It was undisputed, however, that the plaintiff was in actual and exclusive possession of the insured house and the land upon which it stood. The plaintiff introduced in evidence a deed to him from H. H. Hodges, dated November 24, 1924 (not September 9, 1922, as alleged in the petition), conveying the hundred-acre tract, which deed was recorded July 24, 1926. This deed was executed after the execution of the deed from H. H. Hodges to the Warehouse & Realty Corporation, but prior to the issuance of the insurance policy, but it was not recorded until after the policy was issued. The plaintiff, by undisputed testimony, proved his loss in the amount stated in the amended proof of loss. The

policy and the original proof of loss and the amended proof of loss, and other documentary evidence, which it is not necessary to refer to, were introduced in evidence.

To the admission in evidence of the deed from H. H. Hodges to T. S. Hodges, dated November 24, 1924, conveying the hundred-acre tract, the defendant objected, upon the ground of insufficient description. The defendant objected also to the admission in evidence of the amended proof of loss, upon the grounds urged against the allowance of the amendment to the petition.

While it does not appear from the record that the defendant specially pleaded any violation of the provisions of the policy, upon the trial the defendant insisted that the deed of H. H. Hodges to the Warehouse & Realty Corporation, dated January 2, 1924, and conveying the entire tract of four hundred acres, which was executed prior to the issuance of the policy, constituted an incumbrance of which the defendant had no notice, upon the property insured, and voided the policy.

Upon the conclusion of the evidence the court directed a verdict for the plaintiff for the full amount of the policy sued on. The defendant made a motion for a new trial upon the usual general grounds, and also upon the grounds that the court erred in directing a verdict for the plaintiff and in admitting the evidence objected to. The motion was overruled, and the defendant excepted.

Application for certiorari was denied by the Supreme Court.

*Smith, Hammond & Smith, Evans & Evans,* for plaintiff in error.

*M. L. Gross,* contra.