20271. OLIVER, for use, etc., *v.* FIREMAN'S INSURANCE COMPANY.

JENKINS, P. J. This was a petition to vacate and set aside a verdict and judgment rendered in favor of the plaintiff in a suit upon a policy of tornado insurance. It was filed at the term of court at which the verdict and judgment sought to be set aside were entered. The petition was based upon the grounds that the case was disposed of in the absence of defendant and its counsel, under an agreement of parties to postpone the trial until a later date in the term; that a general and special demurrer to the plaintiff's petition was pending and undisposed of when the case was tried; that the plaintiff's petition failed to set forth a cause of action, or facts sufficient to authorize a recovery; and that his pleadings were so defective that no valid verdict and judgment could be rendered. The petition to vacate and set aside was demurred to, both generally and specially; and plaintiff excepted to the judgment overruling the demurrer. *Held:*

1. In so far as the petition to vacate and set aside the previous verdict and judgment was based upon matters not appearing upon the face of the record, under the rulings by this court in *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 289 (143 S. E. 912), and the numerous cases there cited, it was in effect a motion for a new trial, and subject to all the rules governing such a motion. Not being accompanied by a brief of the evidence adduced on the previous trial, the petition was fatally defective in that respect, and the ground of demurrer raising this point should have been sustained. See, in this connection, *Moxley* v. *Georgia Ry. & El. Co.*, 122 *Ga.* 493, 494 (50 S. E. 339); *Whitaker* v. *State*, 138 *Ga.* 139, 140 (75 S. E. 254); *Reed* v. *Warnock*, 146 *Ga.* 483, 486 (91 S. E. 545);

*Garraux* v. *Ross,* 150 *Ga.* 645, 648 (104 S. E. 907); *Georgia Ry. & El. Co.* v. *Hamer,* 1 *Ga. App.* 673 (3) (58 S. E. 54); *Morris* v. *Gilham-Schoen El. Co.,* 40 *Ga. App.* 649, 651 (150 S. E. 924).

2. In so far as the instant petition was based upon alleged defects appearing upon the face of the record, and therefore was in the nature of a motion in arrest of judgment, it was without merit, since the original petition of the plaintiff, which this court has had certified and sent up under the provisions of the Civil Code (1910), § 6149(4), was not so defective that it could not have been perfected by amendment. Since the petition could have been so amended as to meet the grounds of the general and special demurrer interposed by the defendant, the pendency of the demurrer undisposed of did not constitute such a defect appearing upon the face of the record as would have authorized arresting or setting aside the judgment. Civil Code (1910), §§ 5957, 5959, 5960; *Weems* v. *Kidd,* 37 *Ga. App.* 8 (138 S. E. 863). The cases of *Smith* v. *Hornsby,* 70 *Ga.* 552, *Anderson* v. *Fulton County Home Builders,* 147 *Ga.* 104 (92 S. E. 934), *Seaboard Air-Line Ry. Co.* v. *Jolly,* 160 *Ga.* 315 (127 S. E. 765), and *Vaughn* v. *Farmers & Merchants Bank,* 20 *Ga. App.* 725 (93 S. E. 228), where the requirement of the statute that demurrers, pleas, and answers must be disposed of in the order named was applied, were cases in which the point was made on motion for new trial, or on exceptions pendente lite to the ruling directing the case to trial before disposing of demurrers, where the movant was not limited, as in the instant motion in arrest of judgment, to unamendable defects appearing on the face of the record.

3. Under the foregoing rulings, the court erred in overruling the demurrer to the petition to vacate and set aside the judgment.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED SEPTEMBER 26, 1930.

*W. N. Oliver,* for plaintiff.

*Dean & Wright, Smith, Hammond, Smith & Bloodworth, W. L. Bryan,* for defendant.

