### 21173, 21174.  FIREMEN'S INSURANCE CO. *v.* OLIVER,
for use, etc.; and *vice versa.*

DECIDED JANUARY 13, 1932. REHEARING DENIED FEBRUARY 16, 1932.

*Smith, Hammond, Smith & Bloodworth, Dean & Wright,* for plaintiff in error (insurer).

*W. N. Oliver,* contra.

LUKE, J. In the city court of Hall county, H. T. Oliver, for use of Mrs. Jot Allen, brought an action against Firemen's Insurance Company to recover damages upon a policy of insurance against loss by windstorms, cyclones and tornadoes. A verdict and judgment were rendered in favor of the plaintiff for $620 principal, $155 penalty, and $155 attorney's fees. By a former decision of this court the judgment of the trial court overruling a demurrer to the defendant's petition to vacate and set aside the verdict and judgment was reversed. *Oliver* v. *Firemen's Insurance Co., 42 Ga. App.* 99 (155 S. E. 227). The plaintiff's motion to dismiss the defendant's pending motion for a new trial was "overruled and disallowed" by the trial court, and, on final hearing, the defendant's motion for a new trial was "refused and denied and overruled and a new trial denied." The case is again before this court (upon the main bill of exceptions) for review of the judgment refusing and overruling the motion for a new trial; and (upon the cross-bill of exceptions) for review of the judgment overruling and disallowing the plaintiff's motion to dismiss the motion for a new trial.

The novel and vital question raised by the records before us is whether, under former decisions of this court, and especially under the decision rendered when this case was previously here, the defendant's petition to vacate and set aside the verdict and judgment rendered against it was, to all intents and purposes, "in effect a motion for a new trial," or in effect "a motion for new trial" in some qualified sense rendering it permissible for the defendant, in the circumstances of this case, to avail itself of both those remedial measures, successively, or, perhaps, simultaneously. It is urged by counsel for the defendant below that this court has permitted to creep into its decisions an erroneous doctrine relating to the nature of motions to set aside judgments; that this doctrine is without authority to support it in this State; and that its harmful

effect is vividly illustrated in the instant case, where it is invoked for the purpose of depriving the defendant of any opportunity to subject to review the verdict and judgment complained of. It is urged on the other hand by counsel for the plaintiff below that the defendant's motion to vacate and set aside the verdict and judgment is so far identical in form and substitute with a motion for a new trial (as are also the rules and procedure governing it) that the filing and prosecuting to judgment of the former motion is an absolute bar to the filing and prosecution of the latter. In our consideration of this question it is interesting to note some portions of the opinion and judgment of the learned trial judge in overruling the plaintiff's motion to dismiss the defendant's motion for a new trial, viz: "It further appears that the court on the 22d day of November, 1929, passed a judgment and order setting aside the verdict and judgment and vacating the same upon the grounds insisted on in the motion of the movant in this case." "It further appearing to the court that at the time the order was passed that the motion for new trial in this case now under consideration was presented to the court along with the others, but it appears to [that?] the court signed the order vacating the judgment and setting aside the verdict and judgment in the case before signing the rule nisi in the present motion for a new trial, and at the time the rule nisi in this motion was signed, that the verdict and judgment had already been set aside by the order of this court." "The motion for new trial now under consideration is made upon grounds that the verdict is contrary to the evidence to support it, and that the verdict is decidedly and strongly against the weight of the evidence, and because the verdict is contrary to law and the principles of justice and equity, they both being the grounds of the motion now argued at this time. The movant has presented various other and additional grounds which have been allowed and certified by the court and made a ground of the motion for new trial." "It further appearing to the court that prior to the amendment of the motion for new trial counsel for respondent, Mr. Oliver, has presented a motion to dismiss the motion for new trial on various grounds therein stated and especially insists on the ground that at the time the rule nisi was signed by the court and the motion for a new trial was filed that an order had already been passed by the court vacating and setting aside the judgment in said case and that there was no

judgment or verdict then from which a motion for new trial could be filed." "After hearing the arguments of counsel it appears to the court that the motion for new trial is not the same and is not based upon same grounds that the motion to set aside the verdict and judgment filed as aforesaid on the 19th day of November, 1929, was based." "To the court's mind there is a wide discrepancy between the motion to set aside the verdict and judgment on the ground of a misunderstanding between counsel as to when the case would be called and the general grounds of the motion for a new trial, in which it is insisted that the verdict is contrary to the evidence and is contrary to law, and distinctly against the weight of the evidence." "Therefore the attached motion to dismiss the motion for new trial is hereby overruled and disallowed."

A case which seems to us to recognize the distinction emphasized in the quoted excerpt from the opinion and judgment of the learned trial judge is that of *Holmes* v. *Reville*, 27 *Ga. App.* 552 (109 S. E. 417), in which the court says: "Where a judgment is based upon a verdict or finding on facts, as the verdict or finding must be set aside before a motion to set aside the judgment can be granted for any cause not apparent on the face of the record or pleadings (*Ayer* v. *James*, 120 *Ga.* 578, 580, 48 S. E. 154), a motion to set aside the judgment, based solely upon matters of evidence, such as, in the instant case, the want of evidence as to the amount of interest due, is tantamount to a motion for a new trial on the general ground that the verdict or finding is contrary to evidence or without evidence to support it, and thus is controlled by the rules of law governing such motions." (Cases cited.) Notwithstanding any individual view of the question that the writer of this opinion may entertain, and notwithstanding that there seems to be sufficient authority upon which a contrary view might be based, the controlling fact exists that the former decision of this court in this case must be accepted as the law of the case, that is to say: "In so far as the petition to vacate and set aside the previous verdict and judgment was based upon matters not appearing upon the face of the record, under the rulings by this court in *Grogan* v. *Deraney*, 38 *Ga. App.* 287, 289 (143 S. E. 912), and the numerous cases there cited, it was in effect a motion for a new trial and subject to all the rules governing such a motion. Not being accompanied by a brief of the evidence adduced on the previous trial, the petition was fatally defective in that re-

spect, and the ground of the demurrer raising this point should have been sustained." (Citing numerous cases.)

If the motion to vacate and set aside the verdict and judgment was "in effect a motion for a new trial" in the sense that it was required to be accompanied by a brief of the evidence, or otherwise be deemed to be fatally defective, then we think it should follow, as the night the day, that the filing and prosecution to final judgment of such a motion to vacate and set aside the verdict and judgment exhausted the right of the defendant to file and prosecute his motion for a new trial. We base this conclusion upon the authority of the case of *Wimpy* v. *Gaskill,* 76 *Ga.* 41, which we must accept as a binding precedent upon this court, where the Supreme Court decided: "Where a motion for new trial was presented and overruled, and at the same term of court a similar motion was again presented, the court was right in refusing to entertain it and in dismissing it." And in its opinion the court observed: "The court was right to refuse to entertain the motion and to dismiss the same; it was res adjudicata and requires no demonstration." In the instant case the trial judge denied the motion to dismiss the motion for a new trial, and also denied the motion for a new trial itself. Our view is, of course, that the trial judge was bound by the former decision in this case to sustain the motion to dismiss the motion for a new trial; and his error in refusing to dismiss the motion rendered the further proceedings in the case nugatory.

This court not being satisfied that the writ of error was prosecuted for the purpose of delay only, the request of the defendant in error that damages be awarded is denied.

*Judgment on cross-bill of exceptions reversed; main bill of exceptions dismissed. Broyles, C. J., concurs. Bloodworth, J., absent on account of illness.*