FIREMEN'S INSURANCE COMPANY *v.* OLIVER, for use, etc.

No. 8985. DECEMBER 13, 1932.

*Smith, Hammond, Smith & Bloodworth* and *Dean & Wright,* for plaintiff in error.

*W. N. Oliver* and *Wheeler & Kenyon,* contra.

GILBERT, J. This case came from the Court of Appeals by certiorari. The defendant filed an answer in the trial court, but in its absence verdict and judgment were rendered in favor of the plaintiff. During the term the defendant filed a petition to vacate and set aside the verdict and judgment, for matters not appearing upon the face of the record, but the petition was not accompanied by a brief of the evidence. In 42 *Ga. App.* 99 (155 S. E. 227), the Court of Appeals held that the petition was in effect a motion for a new trial, subject to all the rules governing such a motion, and was fatally defective for want of a brief of evidence. It was further held that the ground of demurrer raising this point should have been sustained and the petition dismissed. There was no exception to this judgment.

The petition to set aside the verdict and judgment having been dismissed by the trial court in accordance with the remittitur from the Court of Appeals, the defendant then sought to prosecute a motion for a new trial, which it had filed during the same term but subsequently to the filing of such petition, which motion was accompanied by a brief of evidence. The plaintiff thereafter moved to dismiss the motion for a new trial, upon the ground that the petition to set aside the verdict and judgment was a bar to another

proceeding for the same purpose. A judgment of the trial court overruling this motion to dismiss was reversed by the Court of Appeals. 44 *Ga. App.* 639 (162 S. E. 636). The last judgment of the Court of Appeals is excepted to in the petition for certiorari.

In *Oliver* v. *Fireman's Insurance Co.,* 42 *Ga. App.* 99 (supra), a case properly within its jurisdiction, the Court of Appeals held that a motion or petition by the defendant to set aside a verdict and judgment in favor of the plaintiff was in effect a motion for a new trial, subject to all the rules governing such a motion, and was fatally defective for want of a brief of evidence. This judgment of the Court of Appeals has not been reversed or set aside, and is now the law of the case, binding upon both parties in all subsequent stages of the litigation. Civil Code (1910), § 4336. The correctness of that decision, right or wrong, can not be drawn into question in the present case, which is a continuation of the same litigation between the same parties. Compare *Anderson* v. *Rheney,* 152 *Ga.* 418 (110 S. E. 164). The decision appears, however, to be in accord with the decision by this court in *Ellard* v. *Simpson,* 166 *Ga.* 278 (142 S. E. 855), and cit. A motion or petition to set aside a verdict and judgment should be distinguished from a technical motion to set aside a judgment. Civil Code (1910), §§ 5957-60. There must be a motion for a new trial where there is an actual verdict. *Hyfield* v. *Sims,* 87 *Ga.* 280, 282 (13 S. E. 554) ; and see *McCrary* v. *Gano,* 115 *Ga.* 295 (41 S. E. 580). In view of the final adjudication that the petition to set aside the verdict and judgment was in effect a motion for a new trial, and was fatally defective for the reasons stated, it should, as between the parties, be treated as a motion, or as an attempted motion, for a new trial, which was not accompanied by a brief of the evidence. In *Baker* v. *Johnson,* 99 *Ga.* 374 (27 S. E. 706), a so-called motion for a new trial was filed, but no brief of evidence was submitted. This court held: "Until the brief of evidence was prepared, presented, and ordered filed, a motion for a new trial was not made." In *Moxley* v. *Georgia Ry. & Electric Co.,* 122 *Ga.* 493 (50 S. E. 339), it was held: "A paper setting forth the movant's reasons for asking for a new trial is not, in legal contemplation, a motion unless it is accompanied by a brief of the evidence." In *Holloman* v. *Small,* 111 *Ga.* 812 (35 S. E. 665), it was said that a paper purporting to be a motion for a new trial, but not accompanied by a brief of evidence,

"could not be treated as a valid motion for new trial or made the basis of a judgment setting the verdict aside." In *Taliaferro* v. *Columbus R. Co.,* 130 *Ga.* 570 (61 S. E. 228), it was said: "After the expiration of the thirty days [for the filing of the brief of evidence—Civil Code of 1910, § 6089], where neither the brief has been filed nor an order taken stipulating for filing one at a later time, the incomplete motion no longer legally pends. No subsequent order of the court can give it vitality. The statute allows a motion for new trial to be made upon complying with certain requirements within a limited time; and where the movant fails within such time to obey the positive mandate of the statute, his motion is aborted." In *Whitaker* v. *State,* 138 *Ga.* 139 (75 S. E. 254), this court, speaking through Mr. Chief Justice Fish, in response to a question certified by the Court of Appeals, said: "There are many decisions of this court to the effect that a brief of the evidence is an indispensable statutory requisite to a valid motion for new trial. In other words, if there is no brief of evidence, no motion for new trial exists." Following the rulings made in these cases, the Court of Appeals, in *Bull* v. *Armour Fertilizer Works,* 26 *Ga. App.* 151 (105 S. E. 616), held, that, without a brief of the evidence, the motion was a mere nullity, and the result was the same as if none had ever been made.

Thus, if the motion or petition to set aside the verdict and judgment as originally filed required a brief of evidence in order to give it vitality, it amounted to only a step in the direction of making a valid motion, and, having been dismissed for such defect, should now be considered as amounting to nothing. The paper as filed was a mere embryo, and could not subsist or develop into a proceeding in court when the requisite brief of evidence was not supplied. Cf. *McClendon* v. *Hernando Phosphate Co.,* 100 *Ga.* 219 (2) (28 S. E. 152); *McFarland* v. *McFarland,* 151 *Ga.* 9 (2) (105 S. E. 596). In *Jordan* v. *Jenkins,* 17 *Ga. App.* 58 (86 S. E. 278), the following ruling was made: "Even if the suing out of a prior purchase-money attachment could estop the plaintiff from setting up title to the property described in the attachment as the property of the defendant, no estoppel could result if the attachment proceeding was so defective that no judgment could have been based thereon." Since the motion or petition to set aside the verdict and judgment was void, and was held void and was dismissed because not accom-

panied by a brief of evidence, the fact that the plaintiff attempted to prosecute the same in an effort to be relieved of such verdict and judgment should not now be set up as an election or estoppel, but the case should be considered as if no such "motion" had ever been filed. Such futile attempt to set aside the verdict and judgment amounted to no obstacle whatever against the prosecution of the valid motion for a new trial, filed during the same term and perfected in all respects as required by law. The case of *Wimpy* v. *Gaskill,* 76 *Ga.* 41 (5), relied on by the Court of Appeals in the decision now under review, is not authority for the position taken. In that case a second motion for a new trial was dismissed by the court on the ground that a previous motion had been made and overruled at the same term. The "previous motion" was apparently valid, and was considered both by the trial court and the Supreme Court. Plainly there was no error in refusing to entertain the second motion. In the present case the facts were reversed, in that the first motion was void and the second motion valid. It is here equally plain that the second motion should have been considered. If the defendant in the trial court had been permitted to prosecute the first motion without objection, it might have been true that he could not then have relied upon the second motion, but this could not be the result where the original motion was not heard upon its merits but was dismissed by a judgment which became a final adjudication that the motion was a mere nullity.

The case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion.

*Judgment reversed. All the Justices concur.*