21173, 21174.   FIREMEN'S INSURANCE COMPANY *v.* OLIVER, for use, etc.; and *vice versa.*

DECIDED FEBRUARY 28, 1933.

*Smith, Hammond, Smith & Bloodworth,* for the insurer.
*Oliver & Oliver, Wheeler & Kenyon,* contra.

MACINTYRE, J.   H. T. Oliver, for the use of Mrs. Jot Allen, brought an action against Firemen's Insurance Company on an insurance policy indemnifying the insured against "all direct loss or damage by fire, lightning, windstorms, cyclones and tornadoes," to recover $1025 (including $155 penalty and $250 attorney's fees), for alleged damage by "a storm" to a dwelling house, a barn, and certain furniture and other articles.

At the appearance term of the court, the defendant filed a general and special demurrer and an answer to the petition, the effect of the answer being to put the plaintiff upon proof of every material allegation of the petition.   When the case was called in its order for

trial on November 18, 1929, at the regular November term of court, the plaintiff and his counsel were ready, but there was no appearance for the defendant. In these circumstances, and without passing upon the defendant's said demurrers, the court put the case upon trial. The plaintiff submitted evidence; the defendant, being unrepresented, submitted no evidence; the jury returned a verdict in favor of the plaintiff for $620 principal, $155 penalty, and $155 attorney's fees; and the court entered up a judgment on said verdict.

Firemen's Insurance Company (hereinafter referred to as the insurance company) filed its petition to vacate and set aside said verdict and judgment, upon the grounds that the case was disposed of in the absence of defendant and its counsel, notwithstanding there was an agreement of parties to postpone the trial of the case until a later date in the term, and that a special and general demurrer to plaintiff's petition was pending and undisposed of when the case was tried. Oliver demurred generally and specially to said petition to vacate; the demurrers were overruled; and Oliver excepted to the judgment overruling them. In *Oliver* v. *Firemen's Insurance Co.*, 42 *Ga. App.* 99 (155 S. E. 227), this court held: "Not being accompanied by a brief of the evidence adduced on the previous trial, the petition was fatally defective in that respect, and the ground of the demurrer raising this point should have been sustained." The insurance company next sought to prosecute its motion for a new trial, which was filed during the trial term of court but subsequently to the filing of said petition to vacate, said motion for a new trial being accompanied by a brief of evidence. Oliver moved to dismiss the motion for a new trial, upon the ground that the proceeding to set aside the verdict and judgment was a bar to another proceeding for the same purpose. The trial judge overruled the motion to dismiss the motion for a new trial, and then overruled the motion for a new trial itself. By a direct bill of exceptions the insurance company questioned the correctness of the judgment overruling its motion for a new trial; and by a cross-bill Oliver attacked the judgment overruling his motion to dismiss the motion for a new trial. In *Firemen's Insurance Co.* v. *Oliver*, 44 *Ga. App.* 639, this court held that "the trial court erred in overruling the subsequent motion to dismiss the pending motion for new trial," and that "his error in refusing to dismiss the motion rendered the further proceedings in the case nugatory." Hence the

judgment on the cross-bill of exceptions was reversed, and the main bill dismissed.

In a petition to the Supreme Court for certiorari, the insurance company excepted to the judgment of the Court of Appeals referred to above. In reversing the judgment of this court, the Supreme Court said: "Since the motion or petition to set aside the verdict and judgment was void, and was held void and was dismissed because not accompanied by a brief of the evidence, the fact that the plaintiff attempted to prosecute the same in an effort to be relieved of such verdict and judgment should not now be set up as an election or estoppel, but the case should be considered as if no such 'motion' had been filed. . . The case is remanded to the Court of Appeals for further proceedings not inconsistent with this opinion." *Firemen's Ins. Co.* v. *Oliver,* 176 *Ga.* 80 (167 S. E. 99).

Then, viewing the case as if the motion to vacate and set aside the verdict and judgment of the trial court had never been filed, we come to consider the insurance company's motion for a new trial. It is contended in the first special ground of the motion for a new trial that "the court erred in allowing the case to proceed to trial . . before a jury on the merits, without having first disposed of movant's demurrers, both general and special, which had been filed at the first term, as required by law, movant contending that said demurrers . . were meritorious and . . should have been passed upon by the court and sustained on each and every ground thereof, . . and that the verdict and judgment rendered at such premature trial was and is erroneous and contrary to law." The second special ground is substantially the same as the preceding one.

In *Anderson* v. *Fulton County Home Builders,* 147 *Ga.* 104 (92 S. E. 934), the court said: "The defendants' made a motion for a new trial, on the ground that it was erroneous for the court to allow the plaintiff to proceed to trial without first disposing of the demurrers and the traverse; and also because of the insufficiency of the evidence." Headnote 1 of that decision lays down this rule: "Demurrers, pleas, and answers should be disposed of in the order named. A demurrer should be determined before the case is submitted on the issues made by the pleadings, although the demurrant and his counsel be absent without leave." In answering a certified question from this court the Supreme Court, in *Seaboard Air-Line Ry. Co.* v. *Jolly,* 160 *Ga.* 315 (127 S. E. 765), said that "it was in-

510

cumbent upon the court below to observe the rule prescribed in the statute which requires that demurrers, pleas and answers shall be disposed of in the order named; and the expression, 'demurrers,' used above, includes special demurrers as well as general demurrers; and the refusal of the court to dispose of the special demurrers was error." However, in the second headnote of the same decision the court said: "While, as we have ruled above, the trial court should have passed upon the demurrers before proceeding with the trial of the case upon the facts, nevertheless it was competent for the Court of Appeals to examine the special demurrers, and if, after examination, they were found to be without merit, to so rule, and to hold that the error of the trial judge in failing to pass upon them was harmless."

So far as appears from the record in this case, the attention of the trial judge was not directed to the demurrers, and he passed over them unwittingly. Nevertheless, under the above authorities and the cases cited therein, the court's failure to pass upon the demurrers was error. Was this harmless error? Since the trial judge has not passed upon the demurrers and the case will be for trial again, we deem it proper not to pass specifically upon them at this time, but merely to state that a careful consideration of the demurrers satisfies us that not all of them are without merit. Therefore the failure of the trial judge to pass upon the demurrers before putting the case to trial upon its merits was reversible error. In view of this holding, further proceedings in the case were nugatory; and the case is remanded to the lower court to be tried just as though there had never been a trial of it.

*Judgment reversed. Cross-bill of exceptions dismissed. Broyles, C. J., and Guerry, J., concur.*