## 24449. FIREMEN'S INSURANCE CO. *v.* OLIVER.

DECIDED APRIL 8, 1936. REHEARING DENIED APRIL 30, 1936, JULY 9, 1936.

*Smith, Smith & Bloodworth,* for plaintiff in error.

*W. N. Oliver, H. T. Oliver, Wheeler & Kenyon,* contra.

GUERRY, J. This suit was filed on July 26, 1927, for recovery on an insurance policy issued by the defendant insurance company, covering loss or damage by "fire, lightning, windstorm, cyclones, and tornadoes." The plaintiff alleged that the property described therein was damaged by a windstorm, cyclone or tornado, on May 4, 1927; that immediately after the injury the insured notified the company, and an adjuster was sent to inspect the alleged damage; that on May 27, 1927, sworn proof of loss was sent to the company, and was retained by it without objection; and that within sixty days from the injury the company refused to pay, and denied liability on the policy. The original proof of loss showed a claim for $620. The amendment increased this amount to $1663.75. Demurrers to the petition as amended were overruled. On the trial a verdict was rendered in the sum of

$620, the amount claimed in the original petition and proof of loss submitted, together with interest thereon at the rate of eight per cent. The defendant excepted to the overruling of its motion for new trial, and to the overruling of the demurrers.

■ The object of all legal investigation should be and is the discovery of the truth. As a corollary to this we might say that such legal investigation should sometime have an end, as a fitting objective. This suit was instituted on July 26, 1927. Various phases of it have appeared. 42 *Ga. App.* 99 (155 S. E. 227); 44 *Ga. App.* 639 (162 S. E. 636); 176 *Ga.* 80 (167 S. E. 99); 46 *Ga. App.* 507 (167 S. E. 909). It now comes for the fifth time to be considered—the fourth time by this court. We hope we may be able finally to "lay the ghost." The plaintiff in error contends that two questions are to be decided. First, the point is raised, under both the pleadings and the evidence, that the plaintiff is not entitled to recover, for the reason that the action was instituted within sixty days after sworn proofs of loss were furnished by the insurer to the company, when, under the express terms of the policy, no loss was due and payable for sixty days after proofs of loss were submitted; and second, that the plaintiff was in no event entitled to recover interest, the suit being on an unliquidated demand, which demand could only be liquidated by a verdict.

The petition as amended certainly alleges that proofs of loss, the form and content of which were not objected to, were given to the defendant company sixty days before institution of suit. The evidence on this point is sharply conflicting, but the jury have determined that issue adversely to the plaintiff in error, and this court can not interfere. Then, too, the evidence for the company shows that after an investigation by its adjuster it made an offer to the plaintiff of $32.50 in full settlement of the damage done. This was a circumstance that of itself might be considered by the jury as an absolute refusal to pay, the offer having been made at the time of the investigation by the company. In *Great American Co-op. Fire Asso.* v. *Jenkins,* 11 *Ga. App.* 784 (76 S. E. 159), it was said: "Unless there is a bona fide attempt by an insurer to adjust a loss under a policy of fire insurance, by an offer to pay a sum approximating the loss sustained, there is an 'absolute refusal to pay,' within the meaning of § 2490 of the Civil Code

(1910)." In that case the insurance company offered to pay $60, and the jury found the loss to be $300. It was said: "If the insured suffered a loss of $300, and the company with knowledge of this fact offered only $60, this was such an absolute refusal to pay as waived strict compliance with the terms of the policy in reference to the character of the proofs of loss to be furnished." See *Moore* v. *Dixie. Fire Insurance Co.,* 19 *Ga. App.* 800 (92 S. E. 302). In the present case the jury fixed the damage at $620, and the company offered $32.50. The offer to pay some amount (not paid by way of compromise) is in effect an acknowledgment of the right of the plaintiff to payment of some amount; and if such amount so offered is entirely inadequate to cover the loss, it may amount to an absolute refusal to pay. If there is a refusal to pay, the necessity for proofs of loss as required by the policy is waived. Code, § 56-831. In *Harp* v. *Fireman's Fund Ins. Co.,* 130 *Ga.* 726 (61 S. E. 704, 14 Ann. Cas. 299), it was held that the failure to furnish proofs of loss at least sixty days before the expiration of the twelve months from the date of fire (action on policy being limited to the twelve-month period after the fire), unless there be a waiver of such proofs of loss, will prevent the maintenance of a suit on the policy. A waiver of the proofs of loss is necessarily a waiver of the sixty-day clause with reference to the bringing of the action, where such action itself has not been brought within sixty days of the alleged loss. The provisions in this respect with reference to loss by fire will apply to loss by storm. There was no error in allowing the amendment, and in overruling the demurrer to the petition as amended.

■ The demurrer to the amendment increasing the amount of the claim was meritorious, for the reason that the amendment shows on its face that no proofs of loss in accordance therewith had been given to the company. However, in view of the fact that the verdict was for an amount not in excess of the original proofs of loss, the error became harmless. A similar situation was presented in *Hanover Fire Insurance Co.* v. *Hodges,* 37 *Ga. App.* 229 (139 S. E. 822). In that case an amendment of the same kind had been allowed, and a verdict for an amount in excess of the original sum claimed in the proof of loss was returned. The judgment was affirmed, however, on the condition that such

amount in excess of the amount shown by the original proof of loss be written off. Clearly the error in this case was harmless, because the amount of the verdict was not in excess of the sum claimed in the original proofs of loss. The special assignments of error, except as hereinafter noted, are not meritorious. The evidence certainly supports the verdict so far as the principal amount is concerned, and it was not error to overrule the motion for new trial on this ground.

■ All liquidated demands, where by agreement or otherwise the sum to be paid is fixed or certain, bear interest from the time the party is liable and bound to pay them. Code, § 57-110. "An account is not to be taken as a liquidated demand until the amount due has been expressly or impliedly fixed and determined." *Rice-Stix Dry Goods Co.* v. *Friedlander,* 30 *Ga. App.* 312 (2) (117 S. E. 762), and cit. "It is the general rule that 'interest is recoverable on a loss by fire from the time when the amount payable has been made certain and has become due.' 14 R. C. L. 1313, § 486. Accordingly, interest eo nomine can only be recovered from the date when the amount of the claim has been liquidated and determined. The remedy provided a plaintiff on an unliquidated claim for damages under an insurance policy, where the defendant refuses in bad faith to pay the amount of the loss within sixty days after demand, is set forth by § 2549 of the Civil Code (1910)." *Insurance Company of North America* v. *Folds,* 42 *Ga. App.* 306 (155 S. E. 782). See also ruling in answer to certified question in this case: *Firemen's Ins. Co.* v. *Oliver,* 182 *Ga.* 212 (184 S. E. 858). However, since the jury has found interest on the total amount, and the evidence authorizes a finding that the company admitted its liability in the amount of $32.50, that amount was fixed and certain, and interest may be had on such amount. The judgment is affirmed on condition that at the time the judgment of this court is made the judgment of the court below the plaintiff write off all interest recovered in excess of interest on $32.50; otherwise the judgment will stand reversed.

*Judgment affirmed on condition. Broyles, C. J., and MacIntyre, J., concur.*