## NEWTON *v.* NEWTON.

BELL, Chief Justice. 1. A suit for divorce based solely on the ground of desertion may be amended before the first verdict, by alleging adultery of the defendant, anterior to the suit. *Zachary* v. *Zachary,* 141 *Ga.* 404 (81 S. E. 120); *Phinizy* v. *Phinizy,* 154 *Ga.* 199 (114 S. E. 185). Compare *Slaughter* v. *Slaughter,* 190 *Ga.* 229 (9 S. E. 2d, 70). In such case the amendment should state with reasonable certainty the times and places of the alleged adulterous acts, or show why such allegations could not be made; otherwise it would be subject to objection for want of sufficient specification, but not subject to general demurrer. *Lemon* v. *Lemon,* 141 *Ga.* 448 (5) (81 S. E. 118).

2. Where an amendment alleging adultery, and seeking cancellation of an allotment by the war department from the plaintiff's pay as a soldier and recovery of amounts received by the defendant, was allowed subject to demurrer, and was later disallowed or stricken upon the sustaining of an oral demurrer insisting (1) that it undertook to set out a new and distinct cause of action, (2) that the adulterous acts were committed after the separation, (3) that the allegation as to adultery was insufficient, because there was no averment as to time or place, or as to why such specification could not have been made, and (4) that the balance of the amendment, referring to the allotment and amounts paid to the defendant, undertook to set up irrelevant and immaterial matters that could only serve to prejudice defendant's defense, if admitted: *Held,* that the sustaining of ground 4 of the demurrer, though not erroneous, served only to eliminate the parts of the amendment attacked in this ground, and did not have the effect of striking the amendment as a whole. *White* v. *Little,* 139 *Ga.* 522 (3) (77 S. E. 640); *Sutton* v. *Adams,* 180 *Ga.* 48 (4) (178 S. E. 365).

(*a*) The amendment was not subject to either of the first two grounds of demurrer, which were general in nature, and it was error to sustain these grounds along with ground 3, a special ground, and thus to strike the amendment in its entirety, without allowing the plaintiff an opportunity to amend further, so as to cure the defects pointed out in the third or special ground. *Sims* v. *Cordele Ice Co.,* 119 *Ga.* 597 (3) (46 S. E. 841); *Ferrell* v. *Greenway,* 157 *Ga.* 535 (3) (122 S. E. 198); *Galloway* v. *Mitchell County Electric Membership Corporation,* 190 *Ga.* 428 (6) (9 S. E. 2d, 903). The case is distinguished by its facts from *Kahrs* v. *Kahrs,* 115 *Ga.* 288 (3) (41 S. E. 649), where the judge allowed the defendant opportunity to amend.

(*b*) The plaintiff was not bound to except directly to the erroneous order

disallowing or striking his amendment, but he could, by motion during the same term, apply to the trial court to correct its own error in such ruling. *Van Dyke* v. *Van Dyke*, 120 *Ga.* 984 (48 S. E. 380); *Kerr* v. *Kerr*, 183 *Ga.* 573 (189 S. E. 20); *Deen* v. *Baxley State Bank*, 192 *Ga.* 300 (15 S. E. 2d, 194).

(c) Where, after the striking of the amendment, the case proceeded to trial and terminated in a first verdict for the defendant, the plaintiff could in the same motion seek also to have the verdict set aside for such antecedent error, and the court could properly sustain the motion as to both matters. Compare Code, § 6-804; *Ayer* v. *James*, 120 *Ga.* 578 (48 S. E. 154); *Harbin* v. *Hunt*, 151 *Ga.* 60 (3) (105 S. E. 842); *Jones* v. *Harris*, 151 *Ga.* 129 (3) (106 S. E. 555); *Lyndon* v. *Georgia Railway & Electric Co.*, 129 *Ga.* 353 (3, 4) (58 S. E. 1047); *Jones* v. *Hurst*, 91 *Ga.* 338 (3) (17 S. E. 635); *Knox* v. *Laird*, 92 *Ga.* 123 (3) (17 S. E. 988); *Newton* v. *Roberts*, 163 *Ga.* 135 (b) (135 S. E. 505).

(d) Nor, under analogy of the authorities last above cited, was a brief of the evidence necessary; the motion, though addressed to the trial court, being in the nature of a bill of exceptions, complaining only of an antecedent error of law in a ruling upon the pleadings. The case thus does not fall within the rule laid down in the following and similar cases, as to necessity of a brief of evidence. *Firemen's Insurance Co.* v. *Oliver*, 176 *Ga.* 80 (167 S. E. 99); *Lucas* v. *Lucas*, 179 *Ga.* 821 (177 S. E. 684); *Lovelace* v. *Lovelace*, 179 *Ga.* 822 (177 S. E. 685); *Dollar* v. *Fred W. Amend Co.*, 186 *Ga.* 717 (198 S. E. 753); *Holmes* v. *Reville*, 27 *Ga. App.* 552 (109 S. E. 417); *Grogan* v. *Deraney*, 38 *Ga. App.* 287 (143 S. E. 912); *Oliver* v. *Fireman's Insurance Co.*, 42 *Ga. App.* 99 (155 S. E. 227).

3. The plaintiff's amendment having been first allowed subject to demurrer and afterwards disallowed or stricken on demurrer, the case differs from one in which the amendment is not allowed at all when offered, but is disallowed on objections urged. Compare *White* v. *Little*, 139 *Ga.* 522 (4) (supra); *McCall* v. *Herring*, 116 *Ga.* 235 (42 S. E. 468); *Humphries* v. *Morris*, 179 *Ga.* 55 (175 S. E. 242).

4. It appears from the record and the bill of exceptions that no question was raised or considered by the trial court as to the *filing* of the plaintiff's amendment. See, in this connection, *Miraglia* v. *Bryson*, 152 *Ga.* 828 (5) (111 S. E. 655); *Adams* v. *Overland-Madison Co.*, 27 *Ga. App.* 531 (3) (109 S. E. 413); *Donalson* v. *Bank of Jakin*, 33 *Ga. App.* 428 (2) (127 S. E. 229); *Hartman* v. *Citizens Bank & Trust Co.*, 47 *Ga. App.* 562 (171 S. E. 195).

5. Under the preceding rulings as applied to the record and the assignments of error, the judgment sustaining the plaintiff's motion to set aside both the order disallowing the amendment and the verdict for the defendant was not erroneous for any reason urged.

*Judgment affirmed. All the Justices concur.*

No. 14621. SEPTEMBER 10, 1943.

524

526

*Thomas W. Johnson,* for plaintiff in error.
*John J. McCreary,* contra.