37293.   SATTERFIELD *v.* FRICKS.

DECIDED SEPTEMBER 15, 1958.

*Raymond F. Schuder, Wheeler, Robinson & Thurmond,* for plaintiff in error.

*H. W. Davis, Jack S. Davidson,* contra.

NICHOLS, Judge.   The judgment of the trial court denying the plaintiff's motion to dismiss the defendant's motion for new trial was as follows: "The above motion being presented this the 31st day of May, 1958.   The above motion is overruled for the reason that during the progress of the trial the judge giving the charge

being myself was attacked with acute [laryngitis] and completely lost my voice and the machine taking the evidence could not pick up the charge. Neither could the jury hear it and due to these facts no brief of evidence could be prepared by movant and represented as required in such cases. It being impossible to present a brief of evidence when no possible record of the charge could be obtained."

The sole question here for decision is whether, under the above circumstances, the movant for a new trial was relieved from preparing a brief of the evidence. If not, of course the motion to dismiss the motion for a new trial should have been sustained, while if the movant is so relieved, then the first grant of a new trial will not be disturbed where the record does not disclose that the verdict was demanded.

"The order attempting to grant the motion for new trial was void because, in the absence of a brief of evidence, there was no motion for new trial in existence. *Fireman's Insurance Co.* v. *Oliver,* 176 *Ga.* 80 (167 S. E. 99); *Stowers* v. *Harris,* 194 *Ga.* 636 (5), (22 S. E. 2d 405)." *Foster* v. *Jones,* 208 *Ga.* 320, 322 (66 S. E. 2d 743).

In *Oliver* v. *Fireman's Ins. Co.,* 42 *Ga. App.* 99 (155 S. E. 227), it was held that a motion which was in effect a motion for new trial but which was not accompanied by a brief of evidence was fatally defective and a ground of demurrer raising this point should have been sustained.

"A brief of evidence is essential to the validity of a motion for a new trial (Code, § 70-301; *Herb* v. *Wolfe,* 75 *Ga. App.* 20 (2), 41 S. E. 2d 817; *Dobbs* v. *Sims,* 74 *Ga. App.* 1, 38 S. E. 2d 680); and as the statute is imperative, not mentioning any excuse whatever, it contemplates that the movant can and must comply with its terms, irrespective of whether the official reporter has written out his report of the evidence or not (*Vinson* v. *State,* 53 *Ga. App.* 224, 185 S. E. 529); . . ." *Smith* v. *State,* 86 *Ga. App.* 703 (72 S. E. 2d 462).

While the trial court may know that a verdict contrary to the verdict of the jury was demanded by the evidence, and that (because of no fault of the movant for a new trial), it is impossible to prepare a "brief of evidence," still, unless there is a brief of

132

the evidence there can be no valid motion for a new trial which is based on the usual general grounds only; and where, as here, there is a motion to dismiss such purported motion for new trial on the ground that there is no brief of the evidence it is error to fail to sustain such motion, and the further judgment granting the new trial is a nullity.

*Judgment reversed. Felton, C. J., and Quillian, J., concur.*