38455.  MORGAN v. WESTERN AUTO SUPPLY COMPANY.

Decided October 26, 1960.

*Stevens & Stevens,* for plaintiff in error.

*Cumming, Nixon, Eve, Waller & Capers, Knox & Neal, Robert E. Knox,* contra.

BELL, Judge. ■ The appellant strenuously contends that the plaintiff filed more than one extraordinary motion for a new trial, and labels as such the prior motion presented by the plaintiff on March 4, 1960, to vacate the order dismissing the plaintiff's demurrers and to vacate the judgment rendered. We do not agree with this contention, for under the view we take of this case, neither of these motions may be labeled properly as an extraordinary motion for a new trial. Thus the question of the identity of the motion arises, and this point claims our initial consideration.

By the terms of *Code* § 110-703 it is provided that "A motion in arrest of judgment differs from a motion for a new trial, in this: The former must be predicated on some defect which appears on the face of the record or pleadings, while the latter must be predicated on some extrinsic matter not so appearing. It also differs from a motion to set aside a judgment, in this: The motion in arrest of judgment must be made during the term at which such judgment was obtained, while a motion to set it aside may be made at any time within the statute of limitations." The motion here, called an extraordinary motion for a new trial, qualifies under the first requirement of this Code section, as it clearly is based on a defect which appears on the face of the record. In the record as certified by the trial judge there ap-

pears in the motion as amended the following language: "On December 17, 1959, this Honorable Court, on motion of the defendant's counsel, dismissed movant's general and special demurrers for lack of prosecution. Said demurrers were dismissed for lack of prosecution only and have not been heard or determined. Movant has not been given an opportunity to be heard on its demurrers nor was a hearing had by the Court on said demurrers." Furthermore, in the bill of exceptions there is recited that, ". . . Counsel for defendant . . . made a motion to dismiss the demurrer of plaintiff to the plea and answer and cross claim of defendant for want of prosecution and the Court passed the following order on said demurrer: 'Georgia, McDuffie County. The within stated case having been called in its regular order at this term, Dec. term, 1959, for trial, and both plaintiff and its counsel being absent and defendant and his counsel insisting upon trial of the case, upon motion of defendant, the within demurrers of the plaintiff are hereby dismissed because of failure of prosecution thereof by the plaintiff. This Dec. 17, 1959.' "

While the bill of exceptions may not be considered as a part of the record, what it recites is persuasive in that it reveals that at least one defect complained of in the motion was acknowledged as factually true by the recital in the bill of exceptions that the demurrers of the plaintiff to the cross-action and answer were by order of the trial court ". . . upon motion of defendant, the within demurrers of plaintiff are hereby dismissed because of failure of prosecution thereof by the plaintiff." The defect thus clearly appears on the face of the record.

By decisions of this court, motions in arrest of judgments or motions to set aside judgments, which differ essentially as to the term in which they are filed, have been treated as being in effect motions for new trials. See *Georgia Ry. &c. Co. v. Hamer*, 1 Ga. App. 673 (58 S. E. 54); *Firemen's Ins. Co. v. Oliver*, 44 Ga. App. 639 (162 S. E. 636); *Carolina Tree Service v. Cartledge*, 96 Ga. App. 240 (99 S. E. 2d 705); *Gillespie v. Farkas*, 19 Ga. App. 158 (91 S. E. 244). These cases indicate the policy of the court to be that motions based on defects appearing on the face of the record are properly denominated motions in arrest

or to set aside judgments, while motions based on matters not appearing on the face of the record are in effect motions for new trial and are subject to all the rules of law governing these motions. This latter policy clearly emerges with respect to the treatment of motions as motions for new trial even though the motions made are designated by counsel as motions in arrest or to set aside judgments. Since this is the clearly enunciated rule, the reverse is equally tenable, i. e., where a motion made within the term based on defects appearing on the face of the record is denominated "an extraordinary motion for a new trial," it has the effect of being a motion in arrest of judgment. Accordingly, we shall treat this so-called extraordinary motion for a new trial as in effect a motion in arrest of judgment.

■ The motion in arrest of judgment as amended, made in term time on March 8, 1960, originally set for hearing on March 19, 1960, was in regular course continued until April 21, 1960, at which time the hearing was held in the chambers of the superior court judge sitting at Washington, Wilkes County, Georgia. Appellant objects to this procedure on the ground that the order nisi on this motion was executed by the court in Wilkes County, Georgia, in vacation and while McDuffie Superior Court was not in session; hence, the court had no legal authority to execute such an order beyond the limits of McDuffie County, Georgia. This contention is not well taken. "An order which may be properly granted by a judge of the superior court at chambers may be granted by him while presiding in any county in his circuit." *Mize v. Harber*, 189 Ga. 737, 738 (6) (8 S. E. 2d 1). See also *Barfield v. Aiken*, 209 Ga. 483 (74 S. E. 2d 100); and *Richards v. Richards*, 203 Ga. 436 (1) (46 S. E. 2d 900). Since McDuffie Superior Court was organized for its December, 1959, term and was not adjourned by an order of the judge, the convening of another superior court in the same circuit did not have the effect of adjourning it. See *Adams v. Seay*, 62 Ga. App. 589 (1) (9 S. E. 2d 117). Furthermore, we take judicial notice that McDuffie Superior Court and Wilkes Superior Court are each within the Toombs Judicial Circuit, and, in absence of proof appearing in the record to the contrary, that neither McDuffie Superior Court nor Wilkes Superior Court was in vacation at the time the order objected to was entered.

■ Appellant insists that the motion was not made within a term of court but was filed in vacation and, therefore, is a nullity and the entire proceeding thereunder is nugatory. The facts as disclosed by the record, however, show conclusively that the motion was made in term time. The gist of the contention is in effect that the motion was filed within the five-day vacation period which arose by operation of law under the provisions of *Code* § 24-3010 which state in part that "It shall be the duty of the judges of the superior and city courts to adjourn the regular and adjourned terms of said courts, at least five days before the commencement of the next regular terms of said courts. . ." Counsel bases his assumption on the fact that the March 1960, term of McDuffie Superior Court began on the 14th day of March, and the motion was not filed until the 8th day of March, and urges that inasmuch as the last day was on a Sunday that Sunday should be excluded under the provisions of *Code* § 6-103. However, a reference to the Code section relied on clearly shows that it applies only to time for appeals and does not pertain to motions in arrest of judgments in the superior courts. The motion was filed on the 8th day of March, 1960, and the next regular term did not convene until the 14th day of that month. It is thus apparent that the motion was filed within term time on the last day of the December term, or six days before the beginning of the March term. Accordingly, this contention is without merit.

■ The only remaining relevant issue for decision is whether the trial court erred in granting the motion in arrest and in effect ruling that he was in error in dismissing the demurrers and allowing the case to proceed. *Newton v. Newton*, 196 Ga. 522 (27 S. E. 2d 31).

The record here reveals that, on the call of the case at the first term with plaintiff and its counsel absent, the trial judge, on motion of the defendant, dismissed the general and special demurrers of the plaintiff "because of failure of prosecution thereof by the plaintiff." It thus appears there was no hearing on the general and special demurrers as required by decisions of the Supreme Court and this court. See *Southern Ry. Co. v. Town of Temple*, 209 Ga. 722 (75 S. E. 2d 554); *Firemen's Ins. Co. v.*

*Oliver,* 46 Ga. App. 507 (167 S. E. 909); and *Perry v. Maryland Cas. Co.,* 102 Ga. App. 475 (116 S. E. 2d 620). And see *Code Ann.* §§ 81-1001 and 81-1002.

As we construe the judgment of the trial court which we are affirming here, the order was void which dismissed the demurrers for failure of prosecution and without a hearing, and every proceeding in the trial of the case thereafter was nugatory.

Since the views here expressed are controlling as to this appeal, it is unnecessary to pass upon the other issues, asserted in the defendant's bill of exceptions, all of which are irrelevant.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*